## Philo A. J. Doggett v. James M. Patterson.

It is sufficient if it does not appear from the petition, that a contract for the sale of land, upon which the suit is brought, was not in writing; it is not necessary to allege that such contract was in writing. That is matter of proof.

A contract to the effect that the plaintiff, who had given bond for title and taken the notes of the vendee for the purchase money, should restore the notes to the vendee and get back his bond, and convey the land to the defendant, who should give his bond to the vendee, and take his notes for the purchase money, is not a contract for the sale of land, but merely a circuitous mode of assigning the notes, with the vendor's lien.

Appeal from Dallas. Tried below before the Hon. Nat. M. Burford.

Suit by appellant against appellee. Petition filed July 1, 1856, as follows :

Your petitioner, Philo A. J. Doggett, who resides in the county of Kauffman and State of Texas, respectfully represents that heretofore, to-wit : on the 6th day of June, 1856, he contracted with James M. Patterson, who resides in the county of Dallas and State of Texas for a certain carriage and two brown horses; that at the time of making said contract your petitioner was the owner and in possession of two promissory notes executed to your petitioner by James Hollingshead and B. P. Hollingshead ; one for four hundred and twenty-five dollars, payable on or before the first day of January next ; the other for two hundred and thirty-five dollars, payable on or before the first day of April next, making in the aggregate six hundred and sixty dollars, which said note was given as part payment for two tracts of land sold by your petitioner to said James Hollingshead and B. P. Hollingshead, one tract containing 320 acres, patented to Elliott E. Davidson, assignee of

Robert Simmons, the other containing 50 acres. For said 320 acre tract, the said James and B. P. Hollingshead, at the time of making said contract with said Patterson, held and still hold the title bond of your petitioner, in which your petitioner has bound himself in the sum of fourteen hundred dollars, to make to said James and B. P. Hollingshead a deed to said tract of 320 acres of land, so soon as the money upon said two notes should be paid.

Upon making and entering into said contract with said Patterson, it was agreed and understood between said Patterson and your petitioner, that, as a part of the consideration for said carriage and horses, your petitioner was to hand back and deliver up unto them, the aforesaid James and B. P. Hollingshead, their said two notes, executed as aforesaid to your petitioner, and cause said James and B. P. Hollingshead to execute to said Patterson two other notes for the said amount of six hundred and sixty dollars, one of which was to be for four hundred and twenty-five dollars, payable on or before the first day of January next ; the other for two hundred and thirty dollars, payable on or before the first day of April next. It was also further agreed between said Patterson and your peiti oner, that your petitioner was to execute to said Patterson a deed for the 320 acre tract of land, which was a part of the consideration for which said notes were given to said Patterson and for which said James and B. P. Hollingshead, at the time held and still hold the title bond of your petitioner, and was to show to said Patterson a good, clear and legal chain of title from the original grantee of said land down to your petitioner, with the exception of the deed from the original grantee to John H. Thomas ; and instead of that deed it was agreed that your petitioner should furnish a statement from the Clerk of the County Court of Kauffman county, showing that it was on file in the Clerk's office of said county.

Your petitioner also, at the time of making said contract with said Patterson, held the deed of Elijah Elgin for

the above named tract of fifty acres of land, which said deed had been properly authenticated, but not recorded. Your pe_ titioner had, prior to making the said contract with the said Patterson, and subsequently to the execution of said deed by said Elgin to your petitioner, sold said 50 acres of land to said James and B. P. Hollingshead, and took their promissory note for two hundred and thirty-five dollars, as a part payment for said land, payable on or before the 1st day of April next.

It was agreed between said Patterson and your petitioner that, as a further consideration for said carriage and horses, your petitioner should give back, deliver up and cancel the said deed from said Elgin, and cause him the said Elgin to execute to him the said Patterson, a deed for said tract of fifty acres of land ; and as a still further consideration for said carriage and horses it was agreed that your petitioner should execute to said Patterson his promissory note with good security for forty dollars, payable on or before the first day of January next ; and it was further agreed between said Patterson and your petitioner that, upon your petitioner's complying with his part of said contract as above stated, said Patterson was to deliver to your petitioner said carriage and horses, and was to execute to said James and B. P. Hollingshead his title bond for the two above named tracts of land, in which he, the said Patterson, was to bind himself to make title to said two tracts of land to the said James and B. P. Hollingshead, so soon as the money upon said two notes, payable to said Patterson should be paid, and to lift the bond already executed by your petitioner to said James and B. P. Hollingshead for said tract of 320 acres of land. Your petitioner, relying upon and confiding in the honesty of him, the said Patterson, proceeded to comply with his part of said contract, and, in so complying, incurred an expense to the amount of $150 ; and afterwards, to-wit : on the 26th of June, 1856, your petitioner fully complied with his part of said contract by

Doggett v. Patterson.

tendering to said Patterson, said two notes, executed as aforesaid by said James and B. P. Hollingshead to the said Patterson; also a deed from your petitioner to said Patterson for said 320 acres of land; a deed from Elijah Elgin for said tract of 50 acres of land; a deed from John H. Thomas to your petitioner for said tract of 320 acres of land; a patent by Elliott C. Davidson, assignee of Robert Simmons, from the State of Texas for said 320 acres of land, and a statement from the Clerk of the County Court of Kauffman county, that there was a deed on file in the office from Elliott C. Davidson to John H. Thomas for said 320 acres of land, and also the note of your petitioner with good security, payable to said Patterson on or before the first day of January next for $40, and demanded from him, the said Patterson, the said carriage and horses, and requested him to fully comply with his part of said contract, and he, the said Patterson, intending to defraud and damage your petitioner, positively refused to deliver up said carriage and horses, or to comply in any respect with his said contract, to the damage of your petitioner $2000.

Wherefore your petitioner brings this action, and comes into Court prepared and willing to comply with his part of said contract, and avers that he has always thus been ready and willing at the time of, and ever since, the making of the said tender to said Patterson; and prays the Court to decree a specific performance of said contract, and in case a specific performance cannot be decreed, then and in that case, that he have judgment for his damage and costs, &c.

General demurrer by defendant, and special exceptions as follows:

1st. Said petition is vague, uncertain, contradictory and defective.

2nd. The contract between plaintiff and defendant, was, in effect, a contract for the sale of lands, and is not averred to have been in writing, as required by the Statute of Frauds, in such cases made and provided.

XVIII          11

3rd. There is no averment of a tender in open Court, of the notes, deeds, &c., mentioned in plaintiff's petition.

Exceptions sustained, and judgment that plaintiff take nothing by his suit, &c.

*McKinzie* and *Crockett*, for appellant.

WHEELER, J. The only exception taken to the petition, which is deemed to require notice, is, that the contract sued on is a contract for the sale of lands ; and that it is not averred to be, and is not, in writing, and is therefore void under the Statute of Frauds. It does not appear, by the petition, that the contract is not in writing ; and if it were a contract for the sale of lands, it was not necessary to allege that it was in writing. (James v. Fulcrod, 5 Tex. R. 512.) That would be matter of proof. But it was not a contract for the sale of lands. The land had been sold by the plaintiff prior to the making of the contract ; notes taken for the payment of the purchase money, which were not matured ; and a bond given by the plaintiff to make title to the purchaser, upon payment of the notes. The contract and undertaking on the part of the plaintiff was to substitute the defendant to his rights, as against his vendees. To effect this, instead of simply assigning the notes with the vendor's lien, he was to procure his vendees to substitute for the notes to himself, new notes payable to the defendant ; and he was to make to the defendant a deed transferring the legal title merely, which remained in himself. Thus the defendant was to be substituted to his rights and remedies against his vendees. They, having a bond for title, and having given their notes for the purchase money, not as yet due, held the equitable title to the land, which was superior to that of their vendor ; and could not be divested by any act of his, unless upon the contingency of their making default in payment. His interest in the land was only the ven-

dor's lien, and a mere contingent interest, dependent upon the payment of the purchase money at maturity. This he contracted to transfer to the defendant. It was not a "contract for the sale of lands ;" and was not required to be in writing by the Statute of Frauds of this State ; which, as was observed in James v. Fulcrod, differs from the English statute. Our statute embraces "contracts for the sale of lands" only. (Hart. Dig. Art. 1451.) Whereas the Statute of 29 Car. ii C. 3, is more comprehensive, embracing all contracts, not only for the sale of lands, but "any interest in or concerning them." (1 Sug. on Vend. 102 ; 5 Tex. R. 512.) The contract set out in the petition, therefore, was a valid contract, though not in writing.

The only question which could be made upon the legal sufficiency of the petition, is respecting the plaintiff's averment of performance and tender of performance of his part of the contract. But the exceptions do not question its sufficiency in this respect ; and it is, we think, substantially sufficient. It is not averred that the defendant had delivered up, and caused to be cancelled, the deed from Elgin to himself. But as he avers the tender of a deed from Elgin to the defendant, it is to be taken that this must have been done, or, at least that the defendant did not object to the title on that ground, as he has not assigned it in his exceptions to the petition.

Because the Court erred in sustaining exceptions to the petition, the judgment must be reversed and the cause remanded.

Reversed and remanded.