### WOLFMAN & KATZ v. CALLAHAN.
(No. 6060.)

(Court of Civil Appeals of Texas. San Antonio. June 5, 1918. Rehearing Denied June 27, 1918.)

1. BROKERS ☞54 — RIGHT TO COMMISSION — CONDITIONAL SALE.

A broker's commission is earned when the principals execute a contract of sale, notwithstanding it is a conditional contract, and the seller cannot thereafter object that the purchaser was not ready, willing, or able to buy.

2. BROKERS ☞64(1)—RIGHT TO COMMISSION— CONDITIONAL SALE.

Where broker secured purchaser with whom his principal executed a sale contract, the mere fact that purchaser afterwards refused to comply with terms of the contract did not release the principal from liability to the broker.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by R. G. Callahan against Ben Wolfman and John Katz. Judgment for plaintiff, and defendants appeal. Affirmed.

W. H. Kennon and H. A. Hirshberg, both of San Antonio, for appellants. W. P. Lobban, of San Antonio, for appellee.

SWEARINGEN, J. This is a suit for broker's commission by R. G. Callahan, appellee, against Ben Wolfman and John Katz, appellants. The cause was submitted to the court without a jury, and judgment was rendered against appellants for $370.

The petition alleged the usual and customary commission, and that appellants accepted appellee's services knowing that he was in the business of broker for hire and knowing that appellee expected to receive the usual and customary commission and that appellants expected to pay it. The petition fully alleged the broker's services and that appellants executed a contract for the sale of their land to the purchaser procured by appellee, which contract was also executed by the said purchaser. The appellants demurred to the petition, and after a general denial specially answered that the commission was not earned until the sale of appellants' land was consummated or a contract entered into, specific performance of which could be enforced, and that the contract of sale executed was not such a contract. The evidence, without conflict, established all the allegations of the petition, leaving the interpretation of the sale contract the sole question for our determination.

The first assignment complains that the court erred in overruling the general demurrer. The second assignment assails the judgment because contrary to the law and evidence. The proposition under both assignments resolves itself into the contention above stated, that the contract of sale was conditional, specific performance of which could not be enforced. Counsel for appellants, in argument, claim the rule adopted in such cases in England and Maryland, namely, that the broker's commission is not earned until the sale is consummated, and that the sale is not consummated until the seller receives payment for his land. Riggs v. Turnbull, 105 Md. 135, 66 Atl. 13, 8 L. R. A. (N. S.) 824, 11 Ann. Cas. 783.

[1] The English and Maryland rule is not the rule in Texas, which follows the rule adopted in Massachusetts and most of the other states, viz.: That the broker's commission is earned when the seller and purchaser execute a contract for the sale. The execution of such a contract estops the seller from objecting that the purchaser was not ready, willing, or able to buy. Seidel v. Walker, 173 S. W. 1170, and authorities therein cited; Roche v. Smith, 176 Mass. 595, 58 N. E. 152, 51 L. R. A. 510, 79 Am. Dec. 345; Stanford v. Wilie, etc., 178 S. W. 991; 4 R. C. L. § 49.

[2] We do not feel required to define what character of contract is necessary for a consummation of the trade, for the reason that the contract executed by the seller and buyer in the instant case, in our opinion, was sufficient to obligate the purchaser to buy and pay the agreed price for appellants' land. The fact that the purchaser refused to comply with the terms of the contract of purchase does not release the sellers, appellants, from their liability to appellee.

Both assignments are overruled.

The judgment is affirmed.