SCHMIDT v. WILLMANN et al.    (No. 6632.)

(Court of Civil Appeals of Texas.    San Antonio.   Nov. 23, 1921.)

1. **Brokers ⬅➡52—To entitle broker to commissions, purchaser procured by brokers need not have bound himself by written contract.**

Real estate brokers were entitled to commissions after procuring a purchaser ready, willing, and able to purchase the land at the price and on the terms specified in brokers' contract, though prospective buyer had not bound himself to purchase the land by written contract complying with the statute of frauds.

2. **Brokers ⬅➡63(1)—Owner refusing to sell, could not avoid liability on ground that he did not know name of purchaser procured.**

Owner, who had been informed over the telephone that brokers had obtained a buyer who was ready, able, and willing to purchase the land on owner's terms, and who refused to sell the land on such terms to such purchaser, could not avoid liability to brokers for commissions on the ground that he did not know the name of the prospective purchaser.

3. **Appeal and error ⬅➡1060(1)—Counsel's improper language not ground for reversal, where harmless.**

Counsel's use of improper language was not ground for reversal, where counsel was reproved by the court, and appellant could not, under the facts, have been injuriously affected thereby.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Action by E. C. Willmann and another against Henry Schmidt. Judgment for plaintiffs, and defendant appeals. Affirmed.

Dibrell & Mosheim, of Seguin, for appellant.

Wurzbach, Wirtz & Weinert, of Seguin, for appellees.

FLY, C. J.   E. C. Willmann and R. J. Willmann sought and obtained a recovery against Henry Schmidt for $476.10, alleged to be due for commissions earned in obtaining a purchaser for 41.04 acres of land. Appellees declared on a written contract executed by appellant and appellees. The cause was submitted to a jury on two special issues as follows:

"Do you find from the evidence that the plaintiffs, E. C. Willmann and R. J. Willmann, on or about July 10, 1919, found a purchaser, in the person of Louis Hoffman, who was ready, willing, and able to purchase the land of defendant, Henry Schmidt, at the price and on the terms set out in the written contract between plaintiffs and defendant?

"If your answer to special issue No. 1 is 'No,' you need not answer this question; but if your answer to said issue is 'Yes,' then answer the following: Do you find from the evidence that, while said purchaser was still ready, willing, and able to purchase said land on said terms, the defendant refused to sell the land?"

Both questions were answered in the affirmative, and on the responses judgment was rendered for appellees. If the facts found by the jury were based upon evidence, and it is not denied by appellant that they are sustained by the evidence, every fact necessary to render appellant liable under the terms of his contract was established.

[1] The second and third assignments of error are based on the proposition that a real estate broker cannot recover his commissions, unless he has the prospective buyer firmly bound to purchase the land by his contract in writing. In other words, the theory is that an agent has not found a purchaser ready, willing, and able to consummate a purchase, unless he has him so firmly bound in writing as to meet every demand of the statute of frauds. Appellant frankly admits that he "has not been able to find any direct holding upon the precise question here involved," and no authority has been cited, nor has this court discovered any, which even squints at sustaining such doctrine. The ordinary land agent, seeking a purchaser, does not have the authority to make title to the land, but merely hunts for some one, and takes him to the landowner to buy the land. When he brings a person to the owner who is ready, willing, and able to buy, it does not matter whether he got him there through a written or verbal promise; he is entitled to his commission.

Obtaining such a purchaser has no connection whatever with the statute of frauds. James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743; Mead v. Randolph, 8 Tex. 191; Doggett v. Patterson, 18 Tex. 158. Appellant's proposition is not sustained by the authorities cited, for they do not touch on the proposition. Appellant did not, and could not with any reason, refuse to sell to Hoffman because he had not been bound by a written contract to buy. He merely refused to sell.

[2] Appellant refused to even discuss a sale when the agents told him they had a purchaser, stating that he was too busy getting cotton pickers. It was no defense that he did not know the name of the prospective buyer. He had been informed over the telephone that a buyer had been obtained on his terms, but says his wife refused to join him in the sale. The wife agreed to sell after she knew Hoffman would not buy. The wife did know about the sale before they got the letter dated July 17, and told her husband that appellees had telephoned to her about the sale.

[3] The language used by counsel was improper, but was reproved by the court, and could not, under the facts, have injuriously affected appellant. The assignments are all overruled.

The judgment is affirmed.