Appellees sued appellant and recovered judgment for $400 as a broker's commission, alleging that appellant agreed to pay them that amount to procure a purchaser for his real estate, and that they procured one H. A. Brown, who entered into an enforceable written contract with appellant to purchase the property upon terms and conditions satisfactory to both, which entitled appellees to their commission. Appellant answered that the contract signed by him provided that the purchaser had deposited with appellees as agents for both parties the sum of $500 in cash as a forfeit in the event he breached the contract, when in fact he had not done so, but had given his check to the agents for that amount and later stopped payment on the check; that appellant would not have signed and accepted the contract except on condition that $500 in cash had been deposited, and was therefore not bound by the contract. Appellees replied that the check for $500 was shown to appellant before he signed the contract; that he examined it and was satisfied with and accepted it as the cash deposit, and therefore estopped to deny that he did not do so. The jury found that appellees as agents for appellant accepted the check as the cash deposit in the transaction. Concerning the transaction, appellant testified as follows:
"I have just testified that I would not have signed the contract if I had not thought there was $500 up. Yes; I saw the check. I knew that the money had not been put up but that it was just a check. I said I would not have signed it if the money hadn't been put up. I knew when I signed the contract that the money had not been put up but that it was only a check. Yes; I thought the check was good. I think Mr. Elliott thought the check was good."
This finding of the jury precludes appellant on the issue under the rule that the acceptance of a check as cash by an agent is also acceptance by the principal where the principal had full knowledge of all the facts and in absence of fraud. Appellant is also estopped under his evidence to claim that he would not have signed the contract except on condition that $500 had been deposited in cash, because his evidence shows that he did do so. Especially should this be the rule where as in this ease the evidence shows and the jury found that the purchaser was able to perform his contract, the effect of the finding being that appellant could have enforced specific performance of the contract, or collection of the check as liquidated damages, either of which remedies appellant had the right to pursue under the terms of the contract. Appellees requested appellant to either sue for the liquidated damages or for specific performance of the contract, which he refused to do, and made some independent settlement with the purchaser.
Appellant also alleged that the purchaser was unable to perform his contract of purchase. The jury found that he was, on sufficient testimony, which settles the issues. We are also of the opinion that this issue need not have been submitted to the jury under the well-settled rule in Texas that where a broker procures a purchaser for his principal's property who enters into a binding and enforceable contract upon terms and conditions agreeable to the seller, the seller thereby accepts the purchaser, and it is not necessary for the agent to show that purchaser was ready, able, and willing to perform his contract before agent would be entitled to his commission. Karr v. Stevens (Tex.Civ.App.)297 S.W. 287; Keener v. Cleveland (Tex.Com.App.) 250 S.W. 151; 9 Corpus Juris p. 631; Wolfman Katz v. Callahan (Tex.Civ.App.) 204 S.W. 777; Francis v. Foster, 113 Tex. 521, 260 S.W. 1023; Rabinowitz v. North Texas Realty Co. (Tex.Civ.App.) 270 S.W. 579.
Nor do we sustain appellant's contention that the introduction in evidence of the $500 check varied the terms of the written contract, which provided that $500 in cash had been deposited. Appellant alleged and proved the fact that the check had been deposited in lieu of the cash, and certainly no harm could result from introducing the check. Beside that fact, the check did not vary the terms of the contract, but merely showed that it was accepted as the cash deposit, and showed the manner in which the purchaser complied with his part of the contract of purchase. Walcowich Bros. v. Hysaw (Tex.Civ.App.) 9 S.W.2d 1046.
Our above decision renders it unnecessary to discuss appellant's remaining propositions. We overrule them, and affirm the judgment of the trial court.
Affirmed.
 On Motion for Rehearing.
On motion for a rehearing appellant cites the case of Oswalt Realty Co. v. Broussard (Tex.Civ.App.) 159 S.W. 153, as being in conflict with our holding that the brokers here had procured a purchaser who entered into a binding, and enforceable contract of purchase. That case is not in point for two reasons: First, because the brokers in that case did not collect the $10,000 earnest money as required by the contract, while in this case appellees as agents for appellant and with his acquiescence accepted the $500 check in lieu of cash as earnest money; and, second, because the contract in the case cited provided that the $10,000 might be forfeited in lieu of performance, while in this case the *Page 104 
contract provides that the brokers were to receive their commission out of the earnest money in the event appellant elected to accept same in lieu of performance, and appellant refused to elect upon request of appellees to pursue either remedy.
The motion is overruled.