### SINCLAIR v. DURHAM. (No. 8248.)

Court of Civil Appeals of Texas. San Antonio. Oct. 9, 1929.

Rehearing Denied Oct. 30, 1929.

Herman Nami and Dielmann & Forster, all of San Antonio, for appellant.

Hull & Oliver, of San Antonio, for appellee.

FLY, C. J. This is a suit for $1,000 commissions alleged to be due by appellant to appellee for procuring the exchange of property of appellant in Dimmit county, for nine houses in San Antonio and a farm in Frio county. A judgment for appellee for $1,000 is based in part on the responses to two special issues submitted by the court to the jury.

There was virtually no defense as to $200 of the $1,000, the contest being as to the remaining $800; and one of the complaints on this appeal is that the court should have submitted the question as to the $200 separately from the whole amount. No issue as to the $200, about which there was no controversy, was presented to the jury, and only the following issue was answered by the jury: "Was it agreed between plaintiff, W. J. Durham, and defendant, W. G. Sinclair, that the additional $800.00 was to be paid out of the proceeds of the sale of defendant's property to a purchaser, or purchasers, procured by plaintiff?" The jury answered the issue in the negative, which answer is sustained by evidence.

The rule that has always prevailed as to real estate brokers in Texas is: "A broker employed to sell real estate has discharged his duty when he produces a purchaser able and willing to buy upon the terms and at the price fixed by the seller, and is thereupon entitled to his commissions, regardless of whether the sale is ever actually consummated or not: provided, of course, that the failure to consummate it is not due to some fault of the broker." Gibson v. Gray, 17 Tex. Civ. App. 646, 43 S. W. 922, 925; Smye v. Groesbeck (Tex. Civ. App.) 73 S. W. 972. A broker cannot be held responsible for a disagreement between the purchaser secured by him and his principal, as to title to the property. However, in this case, appellant had taken possession of all the lots in San Antonio, and was collecting the revenues arising therefrom. The exchange of the properties was fully consummated. But such consummation was not necessary to entitle appellee to his commissions. The first proposition is overruled.

Appellant agreed to give appellee $1,000 to procure a person willing and able to trade city property for certain property in Dimmit county. He agreed to pay $200 when the trade was made and $800 in a reasonable

time. He paid nothing. The second proposition is overruled.

█ Appellant based his defense upon the claim that the $800 was to be paid out of the proceeds of a sale of his property, and the burden devolved upon him of proving that defense. That burden did not at any time rest upon appellee, and the question of shifting the burden from appellee to appellant could not arise in the case. The charge as to the burden of proof could not have injured appellant. The third proposition is overruled.

Every material issue in the case was presented by the court. There was really only one issue, and that was as to the $800. We overrule all the propositions complaining of the refusal of the court to present special issues formulated by appellant.

█ The argument of counsel for appellee, as indicated by the court in the qualification of the bill of exceptions taken to the argument, was in reply to argument of counsel for appellant, and, even if it had not been, counsel did not lead or mislead the jury in their answer to the special issue. They must be presumed to be men of average intelligence, and must have known that, if they answered the issue in the affirmative, they sustained appellant's defense and prevented a recovery by appellee.

The judgment will be affirmed.