## DONIGAN v. POLACEK.

No. 9591.

Court of Civil Appeals of Texas. San Antonio.

June 5, 1935.

Rehearing Denied Aug. 14, 1935.

H. S. Bonham, E. B. Ward, and Ward & Brown, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, and Claude V. Birkhead, of San Antonio, for appellee.

MURRAY, Justice.

This is the third appeal of this cause. Former opinions are reported in 5 S.W. (2d) 792, and Donigan v. Policek, 34 S. W.(2d) 375.

Appellee, Fred Polacek, is now deceased and his estate is represented herein by the administrator of his estate. We will refer to Fred Polacek as though still living.

Fred Polacek instituted this suit in the district court of Nueces county against appellant, V. M. Donigan, seeking rescission of a certain sale of land to him on the ground of fraud or, in the alternative, mutual mistake. He also had a plea for damages, in the event it should be determined he was not entitled to cancellation and rescission.

The evidence shows that appellant was the owner of eight lots in the city of Corpus Christi. These lots were 25 feet wide and 125 feet deep. Taken together they composed a tract of land 200 feet wide and 125 feet deep. One James B. Sykora approached appellant and asked him if these lots were for sale. After some discussion appellant told Sykora that he would take $15,000 for four lots. The next day appellant was passing the real estate office of Friar Realty Company and saw pins sticking in a map indicating that his land was listed with this company for sale and made inquiry of H. H. Friar, who really composed the Friar Realty Company. Friar informed appellant that his agent, Sykora, had informed him of the listing. Appellant made some protest, but finally consented to the listing. The pins were stuck in the map so as to indicate that all eight lots were for sale, and appellant made no complaint as to this. Sykora showed the land to appellee, offering him the entire eight lots for the sum of $12,500. Sykora represented the body of land to be 200 feet wide and 150 feet deep. He further represented it to be four lots, each with a width of 50 feet. He pointed out the corners and they stepped off the distances. Some four days later, on April 15, 1926, appellee and appellant en-

tered into a written contract for the sale of the land. It was described as being four lots, but the description did not attempt to give the dimensions of the lots. Reference was made, however, to a recorded map, which, if examined by Polacek, would have disclosed that these lots were only 25 feet wide and 125 feet deep.

In the written contract, appellant agreed to furnish to appellee an abstract of title, which was done, and appellee had same examined by his attorney. A copy of the map referred to in the contract was included in the abstract, but it was defective in that it did not show the dimensions of these lots, as was shown in the original map. Appellee's attorney approved the title to the lots in a written opinion, in which he suggested to appellee that it would be well to have the lots pointed out on the ground and the corners located. Appellant executed and delivered to appellee a deed to four lots, and in the deed, as in the written contract, the lots were designated by numbers and reference made to the recorded map. Appellee executed three notes for the aggregate sum of $6,-250 and paid the sum of $6,250 in cash. Some six or eight months thereafter appellee discovered that his deed only called for about half of the land that had been pointed out to him, and immediately, through an attorney, called the matter to appellant's attention, demanding rescission of the sale. This appellant declined to do. On December 1, 1926, only a few days later, this suit was instituted.

This trial was to a jury and, upon the answers of the jury to a number of special issues, judgment was rendered canceling appellee's notes to appellant and the deed from appellant to appellee, and also giving appellee judgment against appellant in the sum of $6,250, together with 6 per cent. interest from April 15, 1926, from which judgment V. M. Donigan has prosecuted this appeal.

Appellant contends that "(1) there was no fraud in the sale, because (a) the buyer made an independent investigation, (b) the parol statements were, therefore, merged in written instruments which referred to recorded maps, which gave exact dimensions of the lots, and (c) because the facts were equally accessible to both parties; (2) that Sykora was not defendant's agent, and that the broker was at most a special agent, with whom plaintiff dealt at peril of the extent of his authority; and (3)

judgment awarding cancellation was erroneous because the situation had so changed the status quo ante could not be restored."

■ The only thing done by appellee in the way of an independent investigation was to have his attorney make an examination of the abstract of title furnished by appellant. There was nothing in this abstract to show the exact dimensions of the lots. If the abstract had been a correct abstract, these dimensions would have been shown in the abstract. It is true that both the written contract and the deed referred to the recorded map showing these dimensions, and ordinarily it would have been the duty of appellee, or his attorney, to have examined this map, but here appellee was furnished an abstract certified to be correct, and appellee had a right to rely upon this abstract. It was not incumbent upon him to presume that the abstract was not correct and that the record would show something which the abstract did not show. The abstract furnished by appellant prevented appellee and his attorney from going to the record, which otherwise it would have been their duty to do. Fordtran v. Cunningham (Tex. Civ. App.) 177 S. W. 212.

We cannot agree that the facts under the circumstances were equally accessible to both parties. Appellee could have found out the true dimensions of these lots only by going to the recorded map, and he was prevented from doing this by appellant furnishing him an abstract which did not disclose the true record.

■ We overrule the contention that this judgment must be set aside because Sykora was not the agent of appellant and was at most a special agent, with whom appellee dealt at his peril. It is clear that after the fraud was discovered by appellee, that he had received only about half of the land that had been pointed out to him and that he agreed to buy, he placed the entire fraud before appellant with an offer to rescind and do complete equity, which was declined by appellant. The rule is that, where a landowner has been fully apprised of the fact that the sale of his land was procured by the fraud of the broker, and with full knowledge of such fact he declines to rescind, but affirms the sale and retains the fruits of the deal, he ratifies all that has been done by the broker and is responsible for all fraudulent conduct, to the same extent

as though he had committed such fraud in person. In this case, appellant not only refused to surrender the benefits he had already received as a result of this fraud, but in his cross-action seeks to gain further benefits by endeavoring to recover on the vendor's lien notes given as a part of the purchase money for the land.

A very clear statement of this rule is found in Light v. Chandler Improvement Co., 33 Ariz. 101, 261 P. 969, 971, 57 A. L. R. 107. We were cited to this case by appellant on the proposition that a real estate broker is a special agent and cannot bind the seller by false representations as to quality and value of the land, unless expressly authorized to do so, or unless it is known to his principal before the sale is consummated. However, immediately following this statement the court has this to say: "But, it will be said, has the purchaser no rights, and must he go remediless, or at most have an action against a possibly irresponsible and insolvent agent, when, relying on the latter's conduct, he has entered into a contract with the owner from which the latter has received a pecuniary profit? If such were the result necessarily flowing from the rule laid down, it would, indeed, work with harshness and injustice. The authorities which follow that rule, however, also indicate the proper remedy for the defrauded purchaser. When he discovers the fraud, he has two courses open to him. He may either ratify the transaction so far as the owner is concerned and make the payments, notwithstanding the false representations, reserving the right to sue the agent in damages for such fraud and deception, or he may go to the owner and, stating the fraud, offer to rescind. If the owner, after due notice of the fraud and offer of rescission, insists upon holding the purchaser to his bargain, he will then be deemed to have ratified the alleged representations of the agent and the purchaser may pursue as against such owner any remedy which he would have had, had the false representations been made by the owner in person. If, on the other hand, the owner accepts the rescission and returns the purchase price, the parties are in status quo and justice, as between them, is satisfied."

Here appellee did just what the rule says he should do; therefore, appellant cannot retain the fruits of the fraud and avoid responsibility on the theory that he did not authorize the fraudulent representations.

Appellant's next contention is that when the fraud was called to his attention the values of land had fallen to such extent that the status quo ante could not be restored. The jury found, on ample and sufficient evidence, that in November, 1926, when the fraud was stated to appellant and rescission tendered, land values had not fallen in the city of Corpus Christi, and we see no reason to disturb this finding of the jury. It is not shown that appellee was guilty of negligence in not discovering the fraud sooner, and even if values had fallen appellee would, nevertheless, be entitled to rescission.

Appellant has a number of assignments of error as to the form and manner of submitting the special issues to the jury, but we find no merit in these assignments, and such assignments are overruled.

The judgment is affirmed.