Chas. W. HENRY et al., Appellants,

v.

Norma P. SCHWEITZER, Appellee.

No. 14731.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 11, 1968.

Rehearing Denied Jan. 8, 1969.

L. W. Pollard, Kerrville, for appellants.

Joe Burkett, Jr., Allison & Wallace, Edgar A. Wallace, Kerrville, for appellee.

BARROW, Chief Justice.

Appellants, Chas. W. Henry and Lenora Hill, licensed real estate brokers, brought this suit to recover from appellee, Norma P. Schweitzer, a real estate commission of $4,250.00, pursuant to the terms of a written contract executed by appellee as seller, Ben Mosel, Jr., and wife, Lois Mosel, as purchasers, and appellants as agents, involving the sale of about 285 acres of land in Kerr County, Texas. The sale was never consummated as seller and purchasers, without the consent of agents, entered into a written agreement terminating the above contract of sale. The trial court entered a take-nothing judgment on the jury verdict,[1] and appellants have perfected this appeal.

Mr. Henry was given a written listing agreement by Mrs. Schweitzer to sell said land and, through the efforts of Mrs. Hill, the Mosels contracted to purchase same for approximately $85,000. Several years previously the County Surveyor of Kerr County discovered that there was apparently a vacancy in the land enclosed by Mrs. Schweitzer's fences. Accordingly, the parties agreed that Mrs. Schweitzer would have the land surveyed, and in the event of a vacancy she would purchase the vacant land from the State. Buyers agreed to pay her three times the cost of such vacant land in excess of 285 acres.

The deal was verbally agreed to by Mrs. Schweitzer and the Mosels in Mr. Henry's office about May 19, 1965. After the verbal agreement, Mrs. Schweitzer and Mr. Henry went to the law office of Joe Burkett, Jr., Esq., and he was instructed to draw a written contract in accordance with the above agreement. It is admitted by all parties that, although not mentioned in the written contract, the contract was to be

---

1. The jury returned a verdict substantially as follows:
   1. That Darrell G. Lochte, as attorney for the Mosels, did not approve the contract in question, prior to the time it was signed by the Mosels.
   2. That the failure to finally consummate the contract in question was not the sole fault of Mrs. Schweitzer.
   3. That Mrs. Hill did not submit the contract in question to Lochte in person before it was signed.
   4. That Mrs. Hill did represent to the Mosels that Mr. Lochte had approved the contract in question before the Mosels signed same.
   5. That· the representation by Mrs. Hill to the Mosels that Lochte had approved the contract in question was false.
   6. That the Mosels did rely upon such representation at the time they signed the contract in question.
   7. That there was a meeting of the minds of Mrs. Schweitzer and the Mosels with reference to the price per acre which the Mosels were to pay for the lands in excess of 285 acres.

approved by Darrell G. Lochte, Esq., the attorney for the Mosels. Mr. Burkett prepared the contract and delivered it to Mr. Henry, who in turn gave it to Mrs. Hill with instructions to have Mr. Lochte approve the contract and then secure the signatures of all parties. The contract was subsequently signed by all parties and bears the date of May 19, 1965. Although the evidence is conflicting, there is sufficient evidence to support the jury findings that Mr. Lochte did not approve the contract before it was signed by the Mosels, that Mrs. Hill falsely represented to the Mosels that Mr. Lochte had approved the contract and that they relied upon such representation.

The survey revealed that Mrs. Schweitzer owned only 260 acres and there was a vacancy of an additional 38.86 acres. The State set a price of $150.00 per acre on its land, which was purchased by Mrs. Schweitzer in November, 1965. Buyers were therefore to pay her $450.00 per acre for 13.86 acres in addition to $85,000 for 285 acres. The Mosels testified that they were disappointed when they learned that the State had set a price of $150.00 per acre on this land. Rather than risk a loss of their $4,000.00 earnest money, or even a lawsuit over same, they were willing to go ahead with the deal in accordance with the written contract. However, in January, 1966, Mrs. Schweitzer approached the Mosels about calling off the deal, and after some discussion these parties mutually agreed to terminate the contract. Unquestionably, one of the prime factors in the decision of Mrs. Schweitzer to call off the deal was her inability to secure another place to live. She testified also that she thought the State's price of the land was too high and had resulted in her losing about $1,000. Actually, she would have gained about $400.00 over the amount she paid the State for the vacant land.

Appellants did not consent to the rescission and brought this suit wherein they urged that although the deal was not consummated, appellants had fully performed their agreement by producing a ready, able and willing purchaser who had entered into a written contract and was willing to carry out the terms of the contract at the price fixed by seller. See Fleischer v. Levenson, 418 S.W.2d 581 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); Miller v. Carlson, 390 S.W.2d 64 (Tex.Civ.App.—Texarkana 1965, writ ref'd n. r. e.); Cockrell v. Maxcey, 202 S.W.2d 293 (Tex.Civ.App.—Austin 1947, writ ref'd n. r. e.); Sinclair v. Durham, 20 S.W.2d 1084 (Tex.Civ.App.—San Antonio 1929, no writ); South Dakota-Texas Oil Co. v. Hackworth, 248 S.W. 813 (Tex.Civ.App.—Galveston 1923, writ dism'd).

Appellee does not question this rule but urges three basic propositions of law in support of the take-nothing judgment: 1. Appellants failed to discharge their burden of showing that the prior approval of Mr. Lochte was not a condition precedent to the validity of the contract in question. 2. Appellants likewise failed to show that the failure to consummate the contract in question was the sole fault of appellee. 3. The fraud of appellants tainted the entire transaction and thereby vitiated the contract.

Appellants assert seventeen points of error, whereby they complain of the action of the trial court at various procedural steps, but since all points challenge the three propositions asserted by appellee as a basis for her judgment, they will be discussed in relation thereto.

■ Appellants urged by exceptions to appellee's pleading, objections to the charge of the court and, by motion for judgment and judgment non obstante veredicto, that the jury finding that Mr. Lochte did not approve the contract prior to the Mosels execution of same did not entitle appellee to a judgment. Mr. Lochte testified that he examined the contract and told Mrs. Hill that he did not like the open-end agreement

to pay three times the price Mrs. Schweitzer paid for any vacant land. He returned the contract to Mrs. Hill and told her to place a ceiling on such price and then the contract would be satisfactory. Mr. Lochte had no personal interest in the contract and had taken no part in the negotiations. The jury found, in response to Issue No. 7, that there was a meeting of the minds of the parties as to the price to be paid for the State land. In fact, this was not denied by the Mosels or Mrs. Schweitzer. Both Mr. and Mrs. Mosel testified that there was no misrepresentation as to the purchase price of the State land, and that the written contract signed by them, with the open-end purchase agreement, correctly reflects the agreement of the parties entered into after a full discussion of this phase of same. The Mosels did not seek a rescission of the contract after hearing that Mr. Lochte had not approved it. We cannot say from this record that, as a matter of law, Mr. Lochte's prior approval of the contract was a condition precedent to the validity of the contract so as to entitle Mrs. Schweitzer to a judgment upon the jury finding that he had not approved same. In any event, such approval could be waived. Kennedy v. McMullen, 39 S.W.2d 168 (Tex.Civ.App.—Beaumont 1931, writ ref'd).

▮ A more difficult question is raised as to the jury findings that Mrs. Hill falsely represented to the Mosels that Mr. Lochte had approved said contract and that the Mosels relied upon such representation. A general rule denies relief to a participant in a fraudulent transaction, since our Courts will neither lend their aid to enforce an executory contract tainted with fraud, nor assist the fraudulent grantor to rescind an executed contract. Petty v. Hunter, 254 S.W.2d 543 (Tex.Civ.App.—Waco 1953, writ ref'd n. r. e.); Donigan v. Polacek, 85 S.W.2d 771 (Tex.Civ.App.—San Antonio 1935, writ dism'd); 26 Tex. Jur.2d, Fraud and Deceit, § 69. Here the misrepresentation relates only to the signing of the contract by the Mosels, and therefore appellants urge that Mrs. Schweitzer cannot take advantage of same. A somewhat similar situation was presented in Donigan v. Polacek, supra, and it was there held that where the seller, after being apprised of the fraud of the agent, declined buyer's offer to rescind the contract he thereby ratified the fraud. There is no finding here that the Mosels sought a rescission because Mr. Lochte had not approved the contract or because of the fraud of Mrs. Hill, so as to bring Mrs. Schweitzer within the above rule. Rather, the evidence would support a finding to the issue requested by appellants, but erroneously refused by the trial court, that the Mosels waived said misrepresentation as to the approval of the contract by their attorney. See Rosenbaum v. Texas Bldg. & Mortg. Co., 140 Tex. 325, 167 S.W.2d 506 (1943); Featherlax Corp. v. Chandler, 412 S.W.2d 783 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); 26 Tex.Jur.2d, Fraud & Deceit, § 89.

Appellee urges as a third basic proposition for affirming the take-nothing judgment that she is entitled to judgment on the jury's finding that the failure to consummate the contract was not her sole fault. This proposition is based upon an oft-cited rule set forth in West Realty & Investment Co. v. Hite, 283 S.W. 481, (Tex.Comm'n App. 1926, jdgmt. adopted), as follows: "Generally, it will be conceded that, when a broker employed to sell property has found a purchaser who is ready, able and willing to buy at the price and upon the terms specified in the broker's contract of employment, he has earned his commission, *even though through some fault or inability of the owner* the deal is never actually consummated." (Emphasis added.) See also: Peters v. Coleman, 263 S.W.2d 639 (Tex. Civ.App.—Fort Worth 1953, writ ref'd n. r. e.); Kendrick v. Boon, 254 S.W.2d 1016

(Tex.Civ.App.—San Antonio, writ ref'd n. r. e.); Caneer v. Martin, 238 S.W.2d 828 (Tex.Civ.App.—Waco 1951, writ dism'd); Lattimore v. George J. Mellina & Co., 195 S.W.2d 250 (Tex.Civ.App.—Forth Worth 1946, no writ).

■ In each of these cases the broker fully performed by procuring a purchaser who was ready, able and willing to purchase the land upon terms agreeable to the seller, but failure to consummate the deal was due to the default or refusal of seller. In some of the cases the contract was unenforceable as to the buyer, but he was nevertheless willing to close the deal. None of these cases present the question involved here of a rescission through mutual agreement of the seller and buyer. In such situation there would be no reason to deny the commission to the broker who had fully performed, unless the failure to consummate was due, at least in part, to some fault of the broker. Peach River Lumber Co. v. Montgomery, 51 Tex.Civ.App., 115 S.W. 87 (1908, writ dism'd); Gibson v. Gray, 17 Tex.Civ.App., 43 S.W. 922 (Tex. Civ.App. 1897, no writ). There is no such finding in this case.

We conclude that the trial court erred in rendering judgment for Mrs. Schweitzer under the verdict of the jury. The issue as to the cause of the mutual rescission was not submitted or established as a matter of law. Appellants timely objected to the charge of the court and the issues submitted because they did not establish a defense. Furthermore, the factual question of whether the Mosels waived the failure of their attorney to approve said contract was not submitted although timely requested by appellants. Judgment cannot be properly rendered for either party under the record before us.

The judgment is reversed and the cause remanded.