DEL ANDERSEN & ASSOCIATES, Appellant,

v.

Joy JONES et vir., Charles Jones, Appellees.

No. 4846.

Court of Civil Appeals of Texas, Eastland.

Dec. 12, 1975.

Rehearing Denied Jan. 8, 1976.

Philip C. McGahey, Bagby, McGahey, Ross & Devore, Arlington, for appellant.

R. E. Schneider, Jr., Schneider & Schneider, George West, for appellees.

RALEIGH BROWN, Justice.

This is a summary judgment case. Del Andersen d/b/a Del Andersen & Associates sought a real estate commission for procuring a buyer for property owned by Joy Jones. Each party filed motions for summary judgment. The trial court granted Jones' motion denying recovery of a commission and denied Andersen's motion. Andersen appeals both rulings of the court.

Joy Jones, owner of the Deluxe Motel, Comanche, Texas, signed a listing agreement with Andersen which provided in part:

"OWNER agrees to pay DEL ANDERSEN & ASSOCIATES a commission equal to 6% of the selling price in event that within the listing period:

(1) DEL ANDERSEN & ASSOCIATES procures a purchaser for said price; or,

(2) Said property is exchanged or sold by DEL ANDERSEN & ASSOCIATES or any other person excluding OWNER at a price acceptable to OWNER."

It is established by the summary judgment proof that during the term of the written agreement, Andersen, a duly licensed real estate broker, produced a buyer who executed a real estate purchase contract with Joy Jones for the purchase of the motel according to the terms and conditions provided in the listing agreement. Joy Jones signed the contract without the joining of her husband, Charles, but refused to close the sale and transfer the motel. Andersen contends the buyer is ready, willing and able to consummate the transaction.

Joy Jones argues Andersen was not entitled to a commission because (1) he failed to comply with Section 28 of Article 6573a V.A.C.S., (2) the description in the listing agreement was legally insufficient, and (3) no enforceable contract of sale was procured between the buyer and herself.

It was said in *West Realty & Investment Co. v. Hite,* 283 S.W. 481, (Tex.Com.App. 1926):

". . . Generally, it will be conceded that, when a broker employed to sell property has found a purchaser who is ready, able, and willing to buy at the price and upon the terms specified in the broker's contract of employment, he has earned his commission, even though through some fault or inability of the owner the deal is never actually consummated. The rule extends even to those cases where the commission is to be payable only upon the consummation of the sale, if such consummation is prevented through the fault of the owner. The law will not permit the owner to deny to the broker his right to recover a commission where the broker himself has fully complied as far as possible, and where his only dereliction is produced entirely through the fault of the owner himself."

See also *Kendrick et ux. v. Boon et al.,* 254 S.W.2d 1016 (Tex.Civ.App.—San Antonio 1953, writ ref. n. r. e.); *Henry v. Schweitzer,* 435 S.W.2d 941 (Tex.Civ.App.—San Antonio 1969, writ ref. n. r. e.).

The court in *Cooper v. Wildman,* 528 S.W.2d 80 (Tex.Civ.App.—Corpus Christi 1975, no writ), said:

"A duly licensed real estate broker, who is authorized to sell real property under a valid listing agreement, is entitled to the commission specified in the agreement when he produces a purchaser who is ready, willing and financially able to purchase the property at the cash price that the owner authorized the property to be offered for sale. This is but a rule of fairness and right. The owner cannot defeat the broker's right to the commission by refusing to consummate the sale. To allow the owner to refuse to complete the sale after a valid listing agreement has been signed by both the owner and the broker and a purchaser has been found by the broker who can and will pay the cash purchase price set out in the listing agreement, and yet deny to the broker the right to the commission specified in the agreement, is 'a proposition not to be countenanced'. *Goodwin v. Gunter,* 109 Tex. 56, 185 S.W. 295, 296 [195 S.W. 848] (Tex.Sup.1916); *Stolaroff v. Campbell,* 18 S.W.2d 838 (Tex.Civ.App. —El Paso 1929, no writ)."

■ The written listing agreement provided for payment of a commission upon (1) the procurement of a purchaser or (2) exchange or sale of property by Andersen or other persons excluding owner. In the instant case Andersen is entitled to his commission upon the procurement of a ready, willing and able purchaser even though there is no enforceable contract between the purchaser and Joy Jones.

As stated in *Schmidt v. Willmann,* 235 S.W. 629 (Tex.Civ.App.—San Antonio 1921, no writ):

".   .   . The ordinary land agent, seeking a purchaser, does not have the authority to make title to the land, but merely hunts for some one, and takes him to the landowner to buy the land. When he brings a person to the owner who is ready, willing and able to buy, it does not matter whether he got him there through a written or verbal promise; he is entitled to his commission. Obtaining such a

purchaser has no connection whatever with the statute of frauds. *James v. Fulcord,* 5 Tex. 512, 55 Am.Dec. 743; *Mead v. Randolph,* 8 Tex. 191; *Doggett v. Patterson,* 18 Tex. 158."

This court in *McNeny v. Radford,* 70 S.W.2d 824 (Tex.Civ.App.—Eastland 1934, 129 Tex. 568, 104 S.W.2d 472), at page 828, said:

"The law applicable is stated in 7 Tex. Jur. 450, § 58, as follows: 'Where the purchaser is shown to have been ready, able and willing to purchase on the owner's terms, the broker's right to commission is not defeated by the fact that no contract of sale was ever made, or, if made, was not binding on the parties, provided that it is through the fault of the broker's principal that the transaction was not consummated.' *Hamburger & Dreyling v. Thomas,* 103 Tex. 280, 126 S.W. 561."

See also: *Stolaroff v. Campbell,* 18 S.W.2d 838 (Tex.Civ.App.—El Paso 1929, no writ); *Sinclair v. Durham,* 20 S.W.2d 1084 (Tex. Civ.App.—San Antonio 1929, no writ); 156 A.L.R. 602; *Caneer et al. v. Martin,* 238 S.W.2d 828 (Tex.Civ.App.—Waco 1951, writ dism.); *Kendrick v. Boon,* 254 S.W.2d 1016 (Tex.Civ.App.—San Antonio 1953, writ ref. n. r. e.); *Henry v. Schweitzer,* 435 S.W.2d 941 (Tex.Civ.App.—San Antonio 1968, writ ref. n. r. e.); and *Clark v. Ingram,* 445 S.W.2d 780 (Tex.Civ.App.—Dallas 1969, writ ref. n. r. e.).

■ The property was described in the listing agreement as Deluxe Motel, 1302 E. Central, Comanche, Comanche County, Texas. The agreement was signed by Joy Jones, "owner". In response to written interrogatories Mrs. Jones denied ownership of any other real property in Comanche County other than the Deluxe Motel.

The court in *Pickett v. Bishop,* 223 S.W.2d 222 (Tex.1949), said:

"The settled rule in this state is that such a description, by reason of the use in the memorandum or contract of such

words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum. *Ragsdale v. Mays,* 65 Tex. 255; *Morrison v. Dailey,* Tex.Sup., 6 S.W. 426; *Hermann v. Likens,* 90 Tex. 448, 39 S.W. 282; *Vinyard v. O'Connor,* 90 Tex. 59, 36 S.W. 424; *Taffinder v. Merrell,* 95 Tex. 95, 65 S.W. 177, 93 Am.St.Rep. 814; *Sanderson v. Sanderson,* 130 Tex. 264, 267, 109 S.W.2d 744; *Beaton v. Fussell,* Tex.Civ.App., 166 S.W. 458; *Spaulding v. Smith,* Tex.Civ. App., 169 S.W. 627, application for writ of error refused; *Ellett v. McMahan,* Tex. Civ.App., 187 S.W.2d 253. The stated ownership of the property is in itself a matter of description which leads to the certain identification of the property and brings the description within the terms of the rule that 'the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.' (Emphasis added.) *Wilson v. Fisher,* 144 Tex. 53, 56–57, 188 S.W.2d 150, 152.''

In considering whether there was sufficient compliance with the statute of frauds where a written listing agreement between a real estate agent and owner of property contained the street address of property, the designation "owner" and a description of the house, the court in *Parks v. Underwood,* 280 S.W.2d 320 (Tex.Civ.App.—Dallas 1955, writ ref. n. r. e.), said:

". . . The description must be set out with such definiteness that from the information given in the listing contract the property can be located with certainty."

". . . the written memorandum required by the statute as to the description of the property covered by the contract must by its written terms alone furnish definite information which will, by fol-lowing such information to its source, identify the real estate listed with the agent with such definiteness that it may be distinguished from all other tracts of land, in other words the language used must refer to only one tract of land, clear as to location and boundaries."

The description in the listing agreement between Andersen and Jones sufficiently complies with the statute of frauds.

The second paragraph of Section 28 of Article 6573a, V.A.C.S., states:

"At the time of the execution of any contract of sale of any real estate in this State, the Real Estate Salesman, Real Estate Broker, Real Estate Agent or Realtor shall advise the purchaser or purchasers, in writing, that such purchaser or purchasers should have the abstract covering the real estate which is the subject of the contract examined by an attorney of the purchaser's own selection, or that such purchaser or purchasers should be furnished with or obtain a policy of title insurance; and provided further, that failure to so advise as hereinabove set out shall preclude the payment of or recovery of any commission agreed to be paid on such sale."

Jones contends Andersen's failure to comply with this portion of Section 28 is sufficient to deny recovery of a commission. We disagree.

It is well established in this state that the proper rule of construction of statutes is to ascertain and give effect to the intention of the Legislature. In *Southwestern Savings & Loan Association of Houston v. Falkner,* 160 Tex. 417, 331 S.W.2d 917 (Tex.1960), the court said:

"A statute should not be shorn of its effectiveness if its purpose can be achieved by a reasonable interpretation. *Huntsville Independent School Dist. v. McAdams,* 148 Tex. 120, 221 S.W.2d 546; *Haverbekken v. Hale,* 109 Tex. 106, 204 S.W. 1162."

Also in *Austin v. Collins,* 200 S.W.2d 666 (Tex.Civ.App.—Fort Worth 1947, writ ref. n. r. e.), the court said:

". . . A construction of a legislative act should not be given that would render the act absurd or even meaningless, when a rational, expressive and wholesome meaning may be ascertained from the language used. *Texas & Pacific Railway Co. v. Taylor,* 54 Tex.Civ.App. 419, 118 S.W. 1097, affirmed by Supreme Court, 103 Tex. 376, 126 S.W. 1117."

The paragraph begins "at the time of the execution of any contract of sale of any real estate" and concludes "shall preclude the payment of or recovery of any commission agreed to be paid on such sale". Such language presupposes a contract of sale or a sale of the property.

■ We hold Andersen's right of a commission under the listing agreement accrued on the procurement of a purchaser and neither the execution of a sales contract nor a sale of the property was required. Therefore, although the purchasers did have the abstract examined, the second paragraph of Section 28 of Article 6573a, V.A.C.S. is inapplicable.

Applying appropriate summary judgment rules the granting of a summary judgment as to Charles Jones is correct but as to Joy Jones is incorrect.

Andersen contends in support of his motion for summary judgment that the procurement of a ready, willing and able buyer entitles him to his commission.

As a part of his summary judgment proof Andersen includes the affidavit of the prospective purchaser, Joe Gallant, to the effect that Gallant was and still is willing and able to buy the motel in accordance with the contract with Mrs. Jones.

John E. Gleaton, an attorney employed by Gallant to examine the title to the real property by affidavit, stated in part:

"That after the execution of said Contract, it was discovered that Nelda Joy Jones' husband, Charles Jones, would refuse to sign any warranty deeds or bills of sale in connection with the above mentioned transaction; therefore, Mr. Del Andersen, the real estate agent involved in this transaction, was notified by me of Mr. Jones' refusal to execute any documents by letter dated July 19, 1974. Subsequent to that date, my investigation of the title to the property revealed that Nelda Joy Jones did not own a certain strip of property along the east side of the motel, approximately forty feet in width. This space is used by truck drivers who might be staying at the motel to park their vehicles. Mr. Gallant was in my office between July 19 and July 31, 1974, to discuss the two matters mentioned above, namely, the refusal of Charles Jones to enter into the agreement to sell the motel and the 40 foot strip of property along the east side of said motel. At that time, Mr. Gallant stated that Mrs. Jones had represented to him that she owned said property and I advised him that Nelda Joy Jones thought she did own the property at the time she executed the Sales Contract on July 8, 1974. That Mr. Joe Gallant discussed this matter of the 40 foot strip of property with this Affiant and left this Affiant with the impression that it was certainly his intention to purchase the forty foot strip of property on the east side of said motel and further made the statement that not owning said strip of land would greatly reduce the value of the motel property. *Mr. Gallant further stated to this Affiant that he would not be willing to purchase this property unless it would include the 40 foot strip of land in question.*" (Emphasis added)

The affidavit of Gleaton is evidence of a prior inconsistent statement of Gallant as to his readiness, willingness and ability to purchase the property. This is a basic issue in the case. In such circumstances the court in *Austin Presbyterian Theological Sem. v. Moorman,* 391 S.W.2d 717 (Tex.1965), stated:

". . . in these circumstances the question of what was said and done between the parties is one of fact. See *Keesey v. Old,* 82 Tex. 22, 17 S.W. 928; *Maddox Motor Co. v. Ford Motor Co.,* Tex.Com.App., 23 S.W.2d 333."

■ Andersen further argues that the execution of the Contract of Sale estops Joy Jones from objecting that purchaser was not ready, willing or able to buy, and cites *Wolfman & Katz v. Callahan* (Ct.App.1918) 204 S.W. 777; *Peters v. Coleman* (Ct.App. 1954) 263 S.W.2d 639; *Roderick v. Elliott* (Ct.App.1929) 17 S.W.2d 102, for that proposition. Such argument is correct and is supported by the cited authorities only if there is an enforceable contract. As stated in *Peters:*

"We think it is settled in this state that when a broker acts in good faith and the seller accepts his customer and enters into an enforceable contract with him, the customer's readiness, ability and willingness to buy cannot be questioned. *Frances v. Foster,* 113 Tex. 521, 260 S.W. 1023; *Jones v. Parker,* Tex.Civ.App., 26 S.W.2d 742; *Adams v. Brown,* Tex.Civ. App., 25 S.W.2d 879; *Wolfman & Katz v. Callahan,* Tex.Civ.App., 204 S.W. 777; *Seidel v. Walker,* Tex.Civ.App., 173 S.W. 1170, writ dismissed, and cases there cited; *J. B. Watkins Land-Mortgage Co. v. Thetford,* 43 Tex.Civ.App. 536, 96 S.W. 72; 7 Tex.Jur., p. 465, sec. 69."

The contract of sale executed by Gallant and Jones has a legally insufficient description and thus is unenforceable.

■ An application of appropriate summary judgment rules would deny a summary judgment for Del Andersen & Associates. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41 (Tex.1965).

The judgment is affirmed as to Charles Jones and is otherwise reversed and the cause remanded.