VOIGT v. HUNT. (No. 5308.)

(Court of Civil Appeals of Texas. Austin. May 6, 1914.)

1. BOUNDARIES (§ 46*) — BOUNDARIES BY AGREEMENT—VALIDITY.

Where adjacent owners knew that the boundary between their land was a creek called for in their deeds, but their dispute involved which creek was called for, a boundary by parol agreement not following the meanders of either creek was invalid.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 212–226, 249–251; Dec. Dig. § 46.*]

2. BOUNDARIES (§ 46*)—PAROL AGREEMENTS—EVIDENCE.

A parol agreement fixing a disputed boundary is binding on the parties, though it may be subsequently discovered that the agreed line is not the true line, but it is essential to the validity of such an oral agreement that the line be in dispute, and that its true location be unknown.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 212–226, 249–251; Dec. Dig. § 46.*]

3. FRAUDS, STATUTE OF (§ 70*) — BOUNDARY AGREEMENTS.

Where the true location of a boundary line is unknown to the contiguous owners, and they orally agree on a line which they know is not the true boundary, the agreement is void under the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 112; Dec. Dig. § 70.*]

4. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

Where the court on appeal cannot determine whether the jury based their verdict on the issue of an agreed boundary line, in which case the agreement, being in parol, was void, or on limitations, justified by the evidence, the error in an instruction submitting the issue of agreed line was reversible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

Error to District Court, Bell County; John D. Robinson, Judge.

Action between G. Voigt, Sr., and W. A. Hunt, Jr. There was a judgment for the

latter, and the former brings error. Reversed and remanded.

M. E. Monteith, of Belton, and W. E. Monteith, of Houston, for plaintiff in error. Winbourn Pearce, of Temple, and A. L. Curtis, of Belton, for defendant in error.

### Findings of Fact.

JENKINS, J. The following map will aid in understanding the facts in this case:

The dotted lines represent the fence erected by Allen Meirs. The straight lines near the creek and branch represent the calls by course and distance from point B in the deed to the defendant in error. The land in issue is that which lies between the fence and the creek and between the fence and the branch.

In 1855 W. A. Hunt, Sr., purchased from Andrew Spiva 80 acres of land out of the A. G. Moore survey, described as follows:

"Beginning at the S. W. [should be S. E.] corner of the A. G. Moore headright survey on the dividing line between Moore and Thompson; thence N. 71° W. with said division line 900 vrs. to Donaho's creek; thence down said creek as a natural boundary line to the mouth of a branch or ravine; thence up said branch as a natural boundary line to the S. E. boundary of said Moore survey; thence S. 19° W. with said boundary 352 vrs. to the place of beginning."

In a partition of the estate of said Hunt in April, 1890, these 80 acres were deeded to T. J. Hunt, the creek and branch being called for as his north and east boundaries, as in the deed to W. A. Hunt, Sr:

July 27, 1907, T. J. Hunt executed a deed to defendant in error, embracing said 80 acres, in which the north and east boundaries of same were described as follows:

"* * * Thence to a stake in a ravine on the east boundary line of said Moore survey [point marked 'B' on map]. Thence down said

ravine with its meanders N. 63° W. 160 vrs.; N. 40° W. 220 vrs.; N. 76° W. 240 vrs. to Donaho's creek. Thence up said creek with its meanders S. 36° W., 180 vrs.; N. 56° W. 110 vrs.; N. 38° W. 40 vrs.; N. 14° W. 120 vrs.; S. 67° W. 130 vrs. [to point marked 'A' on map]."

In 1870 Allen Meirs purchased a portion of the Moore survey, in which his boundaries adjoining said 80-acre tract were described as follows:

"* * * Thence S. 27° E. 300 vrs. to Donaho's creek, an ash 12 in. dia. marked A for corner at mouth of ravine [point marked 'A' on map]. Thence down Donaho's creek to mouth of a ravine or branch which serves as north boundary of 80 acres conveyed to Andrew Spiva. Thence up said ravine as a boundary to east boundary line of said headright survey."

Plaintiff in error became the owner by mesne conveyance of that portion of the Allen Meirs tract marked "Voigt's Land" on the map, in each of which deeds Donaho's creek and the branch were called for as boundaries. Defendant in error claims that the fence, as shown on the map, was agreed upon by W. A. Hunt, Sr., and Allen Meirs as the boundary between said tracts of land. He also pleaded the ten-year statute of limitation.

The case was tried before a jury that returned a general verdict for defendant in error.

### Opinion.

[1] The court gave the following charge:

"A dividing line between contiguous surveys may be fixed and established by the owners thereof if the same is in doubt, or where it is desired to do so, and, where such owners agree upon and establish a boundary line between such surveys, and each accepts and acquiesces therein, and each or either of them act upon such agreed line, then the same would be the true line, even though not strictly in accord with the calls in the deeds."

We sustain plaintiff in error's assignment of error as to this charge, and hold that it

was error to submit the issue of agreed boundary. If there was ever an agreement as to the boundary line in controversy, it was between W. A. Hunt, Sr., and Allen Meirs. Each of their deeds called for Donaho's creek as a part of the boundary between them, and neither of said deeds called for any other object, natural or artificial, by which such boundary could be located to the extent that said creek extended between their surveys. There does not appear to have ever been any dispute between said parties as to the true location of this portion of their boundary line, and there could have been no room for such dispute.

The evidence indicates that there was some dispute between them as to whether the branch called for in their deeds was the one shown on the map or one further east. But, whether the one or the other, they must have known that their boundary on this portion of their surveys was the meanders of a branch, and not elsewhere.

[2] A parol agreement fixing a disputed boundary is binding upon the parties, notwithstanding it may afterwards be discovered that such agreed line is not the true boundary. Cooper v. Austin, 58 Tex. 501; Lecomte v. Toudouze, 82 Tex. 214, 17 S. W. 1047, 27 Am. St. Rep. 870; Coleman v. Smith, 55 Tex. 259. The reason for this is that, in making such agreement, "both parties believed that they were getting their own land, and no more." Houston v. Sneed, 15 Tex. 309. Or, as expressed in Lecomte v. Toudouze, supra:

"The reason of this rule evidently is based upon the idea that the parties do not undertake to acquire and pass the title to real estate, as must be done by written contract or conveyance; but they simply by agreement fix and determine the situation and location of the thing that they already own."

But the rule does not exist, in the absence of the reason upon which it rests. Hence it is essential to the validity of an oral agreement to fix a boundary line that such line be in dispute, and that its true location be unknown to the parties making the agreement. Otherwise the fixing of such boundary by oral agreement would be passing title to real estate contrary to the statute of frauds. Harn v. Smith, 79 Tex. 312, 15 S. W. 240, 23 Am. St. Rep. 340; Galbraith v. Lunsford, 87 Tenn. 89, 9 S. W. 368, 1 L. R. A. 526; Hartung v. Witte, 59 Wis. 285, 18 N. W. 175; Terry v. Chandler, 16 N. Y. 354, 69 Am. Dec. 707; Turner v. Baker, 64 Mo. 218, 27 Am. Rep. 226; Gilchrist v. McGee, 9 Yerg. (Tenn.) 455.

[3] For the same reason, where the true location of a boundary line is unknown to the contiguous owners, if they agree upon a line which they know is not the true boundary, such agreement is void under the statute of frauds. Lewis v. Ogrom, 149 Cal. 505, 87 Pac. 60, 10 L. R. A. (N. S.) 610, 117 Am. St. Rep. 151; Vosburg v. Teator, 32 N. Y. 561.

[4] We do not know whether the jury based their verdict on the issue of agreed line or on limitation. The evidence as to the ten-year limitation was sufficient to require that issue to be submitted to the jury, but it is not such as would justify us in saying, as a matter of law, that defendant should have recovered on that issue alone; hence we cannot say that the submission of the issue of agreed boundary was harmless error.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.