### DONIGAN v. POLACEK.  (No. 7932.)

Court of Civil Appeals of Texas. San Antonio.
March 14, 1928.

Rehearing Denied May 2, 1928.

**1. Trial ⚖➡350(I)—Courts cannot ignore vital issues when presenting cause on special issues and find vital issues against pleader.**

Courts cannot ignore the vital issues when presenting cause to a jury on special issues and then find the vital issues against party pleading them, since such action robs the office of the jury of its prerogatives of being judges of weight of testimony and credibility of witnesses.

**2. Appeal and error ⚖➡1062(2)—Principal and agent ⚖➡24—In purchaser's suit for vendor's fraud in representing size of lots, failure to submit to jury question of salesman's agency held reversible error, intensified by attacks on agent.**

In purchaser's suit against vendor seeking cancellation of notes given and damages for fraud in representing the size of lots purchased, failure to submit to the jury the question of salesman's agency where both vendor and purchaser claimed he was the agent of the other *held* reversible error, being intensified by attacks made upon the agent, in presence of jury, by counsel in their argument.

**3. Principal and agent ⚖➡22(I)—In purchaser's suit for damages for fraud wherein salesman's agency was disputed, agent's receipt as acting for plaintiff was admissible.**

In suit by purchaser against vendor of lots for cancellation of notes given, and for actual and exemplary damages resulting from alleged fraud in representation as to the size of lots purchased, wherein agency of the salesman was disputed, each party claiming he was agent of the other, receipt given by salesman as acting for plaintiff was admissible as tending to cor-

roborate defendant's statement that the salesman had shown the lots to plaintiff before defendant knew anything about it and that salesman was plaintiff's agent.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Fred Polacek against V. M. Donigan. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. E. Pope, of Corpus Christi, and H. S. Bonham, of Beeville, for appellant.

Sidney P. Chandler, of Corpus Christi, and Claude V. Birkhead, of San Antonio, for appellee.

FLY, C. J. This suit was instituted by appellee against appellant, to recover damages in the sum of $6,250 actual damages and $25,000 exemplary damages, and he also sought the cancellation of three promissory notes, the damages alleged to have accrued through the fraud of appellant in inducing him to buy four certain lots in the Chamberlin subdivision of the city of Corpus Christi. The pleadings cover 75 pages of the transcript. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered that three certain promissory notes, one for $2,083.34, and the other two for $2,083.33 each, executed by appellee to appellant as part payment for the land in question, be canceled, that appellee recover of appellant $6,250, that the contract of purchase of the land be declared null and void, and that the deed executed by appellant to appellee be canceled and the title to the land restored to appellant.

It was alleged by appellee that appellant, by and through his agent, James B. Sykora, fraudulently induced appellee to enter into a contract to purchase lots 9, 10, 11, and 12 in block 4 of the Chamberlin subdivision to the city of Corpus Christi, the consideration being $6,250 in cash and three promissory notes aggregating the sum of $6,250. That appellant, through his agent aforesaid, represented to appellee that the four lots had a *frontage of 50 feet* each, and altogether had a frontage of 200 feet on the road and a depth of 150 feet, while in truth the lots were only 25 feet wide and 125 feet deep. The jury found that Polacek was not informed as to the size of the plot of ground he was getting before he accepted the deed. If by this is meant that no information was given him as to the size of lots before he obtained the deed, it is obviously wrong because his case is based on the information he received as to the size of the lots. It is probable that the question was intended as to whether he really knew the size of the lots. The jury also found that Polacek did not fully understand the facts and acquiesce therein; that

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

after ascertaining the real size of the lots he did not continue to assert title to the land until there was a material decline in its market value. The judgment indicates that the motion for new trial was directed at the verdict and was made before judgment was rendered thereon.

[1] Appellant in his answer denied that James B. Sykora was the agent of appellant and denied that Sykora had authority to represent him in the sale of the land, but was acting as the agent of appellee in purchasing the land. He swore that Sykora was not his agent, and Friar swore that Sykora was agent in getting a purchaser for the land. The agency of Sykora and his right to bind appellant by his representations was a vital one in the case, and yet the question of his agency was not submitted. This matter was brought directly to the attention of the court in objections urged to the charge. The only issues of fact presented to the jury were as to being informed as to the size of the lots before he accepted the deed, as to his understanding of the facts, as to whether appellee had been guilty of laches and as to his motive in seeking rescission. It is assumed by the issues presented that appellant was bound by the misrepresentations made by Sykora. It is assumed that Sykora was the agent of appellant and that the latter was bound by his false representations. Courts cannot ignore the vital issues when presenting the cause to a jury on special issues and then find the vital issues against the party pleading them. The office of the jury is thereby robbed of its prerogatives of being judges of the weight of the testimony and the credibility of witnesses. The error in failing to have the jury pass upon the agency of Sykora is intensified by attacks made upon Sykora, in the presence of the jury, by counsel in their argument. There were several special issues requested by appellant, but refused by the court, that bore directly upon the question of agency and should have been given. In special issue No. 12, requested by appellant, the jury was requested to find as to the knowledge of appellant in regard to false and fraudulent representations made by Sykora.

[2] The statute provides that:

"Upon appeal or writ of error, an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding." Article 2190, Rev. Stats. 1925.

We do not believe the evidence of agency is sufficient upon which the court could find it existed, in the face of positive testimony that Sykora was not the agent of appellant, and, even had there been no objections or special charges raising such issue by appellant, the failure to submit the question of

agency would be error for which the judgment should be reversed. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

[3] As tending to corroborate the statement of appellant that Sykora had shown the lots to appellee before he (appellant) knew anything about it, the receipt given by Sykora, as acting for appellee, should have been admitted in evidence.

The other matters of which complaint is made are not likely to occur on another trial and need not be considered.

For the errors pointed out, the judgment is reversed and the cause remanded.