## DONIGAN v. POLICEK.

### No. 8509.

Court of Civil Appeals of Texas. San Antonio.
Dec. 17, 1930.

Rehearing Denied Jan. 14, 1931.

H. S. Bonham, E. B. Ward, and Howell Ward, all of Corpus Christi, for appellant.

Claude V. Birkhead, of San Antonio, and Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J.

This action was brought by appellee to rescind a sale of land made to him by appellant and cancel the deed and notes, and to recover the purchase money paid. He offered to perform necessary equities. The rescission was sought on the ground of fraud used to induce the purchase. Verdict and judgment were in favor of appellee. This is a second appeal, the former being reported in 5 S.W.(2d) 792. The cause was submitted to a jury on special issues, and on the answers of the jury in response thereto judgment was rendered, in favor of appellee, for $6,250, for rescission of the sale, and cancellation of the deed and notes.

The judgment on the former appeal was reversed on account of the failure to submit the question of the agency of Sykora, who made the representation to appellee which induced him to purchase certain lots in the city of Corpus Christi. Reference is made to the statement of the case made on the former appeal which practically covers the issues in this case.

It was alleged and testified by appellee that Sykora, acting as the agent of appellant, had shown the lots to appellee and pointed out the location and dimensions of the land.

Appellee swore that Sykora sold him the whole of the land which he stated had 200 feet front and was 150 feet deep, consisted of four lots, each with a front of 50 feet. A deed was executed by appellant to appellee to four lots described by numbers, in a certain block, which had only 25 front feet each and were only 125 feet deep. In other words, appellee received four lots having a front of 100 feet when he expected to secure four lots with a front of 200 feet. The deed referred to a city map for description. It became a part of the deed but was not introduced in evidence. Appellee brought the suit after real estate had greatly decreased in value. He saw the land a number of times before he bought it as well as afterwards. He stated that the lots comprised all those belonging to appellant between a railroad track and a certain house, and thought the four lots each had a fifty foot front and a depth of 150 feet. He had no conversation with appellant, but the entire negotiations were between appellee and Sykora, who was acting for a brokerage firm which appellant had employed to sell the lots. Appellant had no knowledge of the representations made by Sykora. The pivotal question in the case is as to the authority of Sykora, the agent of the realty company to bind appellant by his statements. Sykora was not shown to have been employed directly by appellant or to have received any instructions from him. He was the agent of the agent of appellant, and was sent out by and paid by the agent of appellant, who had his dealings with the realty company. Of course, if the evidence discloses the fact that appellant had knowledge of the representations made by Sykora and ratified them in any way, he would be bound by them because he then made Sykora his agent. The uncontradicted evidence showed that Sykora went to see appellant before the latter had employed Friar to sell the land. He went to appellant to purchase the land for his fellow countryman, the appellee. He asked Donigan the price of his land and was told that it was not for sale, but told Sykora he would take $15,000. This sum was declared to be too much by Sykora and he suggested $10,000. Appellant said he might take $12,000 but the land was not for sale. Appellant at that time had not employed any one to sell the land and did not employ Sykora, but thought him to be the agent of appellee, as the

376

evidence indicates he was. After the conversation with Sykora, appellant was passing the office of Friar and, seeing several men looking at a map of Corpus Christi, stopped, and, upon discovering that a listing card had been attached to his land on the map, went in and inquired of Friar why he had placed the card on the lots, and was told that a salesman, James B. Sykora, had put the card there. Sykora and Policek were there, but Donigan had no communication with them. Appellant told Friar that Sykora had approached him to buy the property for appellee but he did not want to deal with him and would not pay him a commission. Appellant then employed Friar to sell the land at a commission of $600. He afterwards closed the deal with Friar and agreed to take $12,500 for the land from appellee. He had no dealings with Sykora. Appellee employed Judge Gordon Boone, an attorney of learning and experience, whose reputation for honor and integrity is unassailable, to pass upon the abstract of title to the lots, and he did so, approving the title.

It may be reasonably assumed that Judge Boone investigated the map referred to in the deed and ascertained the dimensions of the lots which were to be purchased by his client. His knowledge of the map, of the true dimensions of the lots, became the knowledge of his client. If he had been placed on the stand by appellee, he could have revealed everything connected with the location, size, and dimensions of the lots, but his testimony was not utilized by appellee. Neither was the map, a very important part of the deed, put in evidence. The whole case against appellant was builded upon challenged statements of the man who sought to rescind the contract for the land only after the boom in land in Corpus Christi had bursted like a balloon and the lots had lost a large portion of their value. When appellee was offered $10,000 for two of the lots, he refused it, for the bubble had not then bursted.

The law makes the real estate broker the special and not the general agent of the vendor, and he can bind his principal only as a special agent; but it would not matter in this case whether Friar or his salesman could have bound appellant by statements never made or authorized by him, because all of the false representations made by Sykora were made before he ever spoke to Donigan, and before the latter had employed any one to sell his land.

This court keeps in view the rule that an appellate court cannot reverse the verdict of a jury when there is any evidence that sustains it, but the record in this case fails to disclose any evidence upon which to base a finding that Sykora was the agent of appellant when the representations were made to his friend and client Policek.

The case has not been developed, and the judgment will be reversed, and the cause remanded.