G. H. DAVIS et al., Appellants,

v.

W. A. MIERS et al., Appellees.

No. 3328.

Court of Civil Appeals of Texas.

Eastland.

Dec. 13, 1957.

Rehearing Denied Jan. 3, 1958.

Snodgrass & Smith, San Angelo, Nat J. Harben and John S. Estill, Jr., Ft. Worth,

Hardie, Grambling, Sims & Feuille, El Paso, for appellants.

Montague & Thurmond, Del Rio, Jameson, Whitten & Harrell, Abilene, for appellees.

WALTER, Justice.

This was an action in trespass to try title filed by W. A. Miers, H. C. Saunders, Sr., Byran Hunt and Dunigan Tool and Supply Company against G. H. Davis and wife, Florence Davis, Federal Land Bank of Houston, Charles S. Atchison, C. H. Hammond, William G. Helis, Jr., R. J. St. Germain, Frank C. Roper, Julius Gubbels, John I. King, Tom White and Tandy C. Young for title and possession to the easterly 77.4 acres of land in Survey No. 87, Abstract No. 316, Certificate No. 146, Block B, H. E. & W. T. Ry. Co., original grantee, in Sutton County. The parties will be referred to as they were in the trial court. The defendants G. H. Davis and wife answered by a plea of not guilty and a general denial and they alleged ownership of all the surface and minerals except a one-fourth nonparticipating royalty interest. These defendants also alleged that El Paso Natural Gas Company and Lone Star Gas Company were necessary parties. They also asserted a cross-action for title and possession of the easterly 163.6 acres of land out of Survey No. 16, Certificate No. 1529, Abstract Nos. 1278 and 1583, E. L. & R. R. Ry. Co., original grantee, and the easterly 95 acres out of Survey No. 81, Certificate No. 143, Abstract No. 313 in Block B, H. E. & W. T. Ry. Co., original grantee, in Sutton County. This was cause number 1196. Plaintiffs filed a plea in abatement to the cross-action on the grounds of misjoinder of persons and misjoinder of causes of action. Thereafter in cause number 1201 all of the above named plaintiffs, except Dunigan, filed suit against the Davises, the Federal Land Bank and Sinclair Oil and Gas Company, alleging ownership of fee simple title to said easterly 163.6 acres out of

Survey No. 16 and said easterly 95 acres out of Survey No. 81, and, they also pleaded the three, five, ten and twenty-five year statutes of limitation. The trial courts have broad discretion on questions of joinder of parties and causes of action and their action will not be disturbed except for abuse of discretion. We hold that the trial court did not abuse its discretion and properly consolidated the cases. Rule 174, Tex.Rules of Civil Procedure. The plaintiffs then filed their answer to the cross-action alleging a general denial, a plea of not guilty and boundary agreement and estoppel and the three, five, ten and twenty-five year statutes of limitation.

The jury found against the plaintiffs on their claim of adverse possession. In response to other issues the jury answered that R. W. Davis (R. W. Davis was the father and one of the predecessors in title to the defendant G. H. Davis) and W. A. Miers had a conversation regarding the fence separating the R. W. Davis ranch and the August Meckel-Miers ranch; that Davis represented to Miers that the fence was on the boundary line; that Miers believed said representation to be true; that Miers did not rely on such representation in his purchase of the Meckel-Miers ranch. The jury did not answer issue number 17 which inquired whether Miers was a good faith claimant of the three tracts of land in controversy. Special issue number 18 and the jury's answer thereto are as follows:

"Special Issue Number 18:

"From a preponderance of the evidence, do you find that the acts and conduct, if any, of R. W. Davis, and his successors in title, with respect to the fence separating the R. W. Davis ranch and the Meckel-Miers ranch, were acquiesence in the claim of W. A. Miers that said fence was the true boundary between said ranches?

"By the term "Acquiesence" is meant an acceptance or consent by silence or by omitting to object; to forbear opposition or complaint.

"Answer 'yes' or 'no'.

"Answer:        Yes        "

The plaintiffs and defendants each timely filed their motion for judgment on the jury's verdict. The court overruled the defendants' motion and granted the plaintiffs' motion and entered judgment that plaintiff W. A. Miers recover fee simple title to the three tracts of land in controversy, subject to the rights of other plaintiffs in the mineral estate.

The defendants G. H. Davis, Florence Davis, R. J. St. Germain, John Gubbels, William G. Helis, Jr., Sinclair Oil and Gas Company and El Paso Natural Gas Company have duly perfected this appeal. The points briefed are substantially as follows: error of the court in transferring defendants' legal title to the plaintiffs; in overruling defendants' objection to a conversation between Miers and R. W. Davis; in submitting special issue number 18 because it was not raised by the pleadings, and because it was not limited to any period of time, and because it should have inquired as to each tract separately; in submitting boundary issues to the jury because the plaintiffs had failed to present evidence of their title to the lands in controversy, and because the plaintiffs' evidence established that the true boundary line was the east boundary of Survey numbers, 16, 81 and 87, and that any boundary by agreement was within the statute of frauds and, therefore, void; the defendants further contend that acquiescence in the maintenance of a fence alone does not create a boundary and does not control where the true boundary is shown to be elsewhere, and, that the defendants are not estopped to claim the lands in controversy.

Plaintiffs introduced no evidence to establish record title and the jury found against them on their claim of adverse possession to the three tracts of land

involved in this litigation, and we hold that they cannot recover on the jury's answer to special issue number 18.

It was established by the evidence that the defendants Davises had the record title to all of said Survey numbers 16, 81 and 87. It was stipulated by the parties that Miers had never rendered nor paid taxes on any of the involved land, except the easterly 77.4 acres of land out of Survey number 87 from 1952 to the time of trial. It was stipulated that the Davises had rendered and paid taxes on Survey No. 16 from 1905 to the time of the trial and had rendered and paid taxes on Survey Nos. 81 and 87 from 1913 to the time of the trial. The parties are in substantial agreement about the location of the three tracts of land involved in this litigation. We quote from plaintiffs' original brief:

"* * * as observed by appellants, in their briefs, there is a substantial agreement between the partties both in respect of location and acreage in the three tracts of land."

The plaintiffs, among other things, have pleaded boundary agreement and estoppel. Before an agreement between adjoining land owners, fixing a boundary line between their property, can be binding upon them, it must first be established that there is uncertainty, doubt or dispute as to the location of the correct boundary line. Our Supreme Court in the case of Gulf Oil Corporation v. Marathon Oil Company, 137 Tex. 59, 152 S.W. 2d 711, 714, has stated the rule to be:

"The rules with respect to the establishment of boundary by agreement are well settled by the decisions in this state and by other authorities. There is no real difference about them in the briefs of the parties to this suit. They may be stated generally and briefly as follows: When there is uncertainty, doubt or. dispute as to where the true division line between

the lands of the parties may be, they may fix it by parol agreement, which will be mutually binding upon them, even though they were mistaken as to the true location of the line. This is true whether the mistake be of a matter of fact or of law. The existence of uncertainty, doubt or dispute is essential to the validity of such agreement. Actual dispute, however, between the parties is not necessary. It is enough that the location of the line has not been definitely established and is doubtful or uncertain."

In the case of Boothe v. Fuentes, Tex. Civ.App., 262 S.W.2d 754, 755 (No Writ His.), Justice Norvell had the following to say about boundary by acquiescence:

"As we understand the doctrine of boundary by acquiescence, it must be shown that there was some uncertainty as to the true boundary, which resulted in a line being established (generally by a fence), and that thereafter the adjoining land owners acquiesced in and recognized this line as the true boundary line between them. The mere erection of a fence off the boundary line is not in itself sufficient to make the doctrine applicable."

A careful analysis of special issue number 18, the definition of acquiescence and the jury's answer thereto, discloses that R. W. Davis and his successors in title remained silent and failed to object to the claim of Miers that the fence was the true boundary line between said ranches. The jury refused to say that Miers in good faith claimed the title or ownership of the three tracts of land in controversy by failing to answer special issue number 17. The jury's answer to special issue number 18 does not affect the defendants' record title to the land in controversy. In Horst v. Herring, 8 S.W. 306, 308, our Supreme Court said:

"Mere silence or inaction will not destroy a legal title unless added to it is adverse possession for a sufficient time, and under conditions prescribed by the statutes of limitation to mature such possession into title."

In the recent case of Strayhorn v. Jones, Tex., 300 S.W.2d 623, 633, the defendants, Strayhorn et al, were claiming under W. W. Barron. The jury found (1) that after the fences were built, such fences had been recognized or acquiesced in as the boundary line separating their respective lands and (2) that at the time the fences were built Barron and his grantees had by their acts and conduct agreed that the line, as fenced, was to be the boundary line between their respective tracts and (3) that at the time the lands were conveyed by Barron to the three grantees no doubt or uncertainty existed as to the boundary line between Barron and his grantees and (4) that at the time the fences were built Barron and his respective grantees "did not agree by words" that the line as fenced would be the boundary line of their respective lands. Justice Griffin, speaking for our Supreme Court, held:

"The facts regarding the boundaries were undisputed. The jury finding that no doubt or uncertainty existed and that there was no agreement 'by words' as to the fences being the boundary shows there was no dispute or uncertainty as to the true boundary. At best, the jury findings show only an acquiescence in the boundary as shown by the fences built. The correct boundary was a question of law."

Also Justice Griffin cited and quoted with approval the following:

"The case of Great Plains Oil & Gas Co. v. Foundation Oil Co., 1941, 137 Tex. 324, 153 S.W.2d 452, discusses fixing boundary lines by acquiescence. The rule is stated as follows:

" ' * * * But acquiescence in a line other than the true line will not support a finding of an agreement establishing the line as the boundary when there is no other evidence of agreement than acquiescence and when it is affirmatively shown that the use of the line resulted not from agreement but from a mistaken belief of the parties that it was the true line. Stier v. Latreyte, Tex.Civ.App., 50 S.W. 589; Hunter v. Malone, 49 Tex. Civ.App. 116, 108 S.W. 809; Gulf Oil Corporation v. Marathon Oil Company [137] Tex. [59], 152 S.W.2d 711. Similarly, when the true location of the line is conclusively proven, mere acquiescence in another line in the mistaken belief that it is the true line will not support a finding that such other line is the true line. Buie v. Miller, Tex.Civ.App., 216 S.W. 630 (Application for writ of error refused); Thompson v. Allen, Tex.Civ. App., 111 S.W.2d 791.' "

The verdict of the jury in the Strayhorn case presented a stronger case on the involved issues than the verdict in this case because the jury not only found acquiescence but also found that the parties agreed on the boundary line by their acts and conduct, yet the court held, "At best, the jury findings show only an acquiescence in the boundary as shown by the fences built. The correct boundary was a question of law."

■ We are, therefore, compelled to hold that the jury's finding of acquiescence will not support the judgment for the plaintiffs. It is, therefore, the duty of this court to reverse the judgment of the trial court and render the kind of judgment that should have been rendered. The judgment of the trial court is reversed and judgment is here rendered for the defendants.