**ALLIED CHEMICAL CORPORATION et al.,**
Appellants,

v.

**G. E. KADANE & SONS, Appellees.**

No. 3836.

Court of Civil Appeals of Texas.
Eastland.

Dec. 13, 1963.

Rehearing Denied Jan. 10, 1964.

Perkins, Bezoni & Kirwan, Midland, for appellants.

Kilgore & Kilgore, Dallas, for appellees.

WALTER, Justice.

Allied Chemical Corporation and Union Texas Petroleum, hereinafter referred to as Allied, filed a trespass to try title suit against G. E. Kadane & Sons, hereinafter referred to as Kadanes, on an undivided one-half mineral interest in and under the Southeast quarter (SE/4) of Section 81, Block 13, Shackelford County, Texas. As the issues developed, only the title to the oil and gas leasehold estate covering the West one-half (W½) of the Southeast quarter (SE/4) of said section was involved. Kadanes answered and alleged that they were the owners of an oil and gas lease on the West one-half (W½) of said Southeast quarter. They also pleaded a general denial, not guilty, and the three, five and ten year statutes of limitation. The facts were stipulated. Each party made a motion for a summary judgment. Kadanes' motion was granted. The judgment recites "that the defendant has good record title, as well as title under the Five Year Statute of Limitations." " * * * That the Plaintiffs take nothing against the Defendant as to the determinable fee simple interest in an undivided ⅞ of all of the oil and the determinable fee simple interest in all of the gas * * * under the W/2 of the SE/4 of Section 81, Block 13 of the Texas & Pacific Railroad Company lands in Shackelford County, Texas." Allied has appealed.

W. H. Driggers and wife, Georgia E. Driggers, are the common source of title between the parties so far as record title is concerned.

Allied claims title to an undivided one-half of the leasehold estate under the following instruments:

1. Deed dated July 12, 1919, from W. H. Driggers and wife Georgia E. Driggers, as grantors, to Claude C. Stanley,

G. O. Kimmell and R. P. Ralston, as grantees. Said deed provides in part as follows: " * * * all that certain undivided one-sixteenth (1/16) interest in and to all of the oil, gas and other minerals * * * and this conveyance includes as a part of the one-sixteenth (1/16) interest hereinabove conveyed all of our undivided one-half (1/2) interest in and to all of the royalty * * * ; and in the event of any forfeiture in such leases or leasehold interest, then the undivided one-sixteenth (1/16) interest in the oil, gas and other minerals affected thereby shall merge into and be included in this conveyance, and it is understood that the grantees herein shall be entitled to one-half (1/2) of the rental hereinafter to become due under the mineral leases now on said premises, and in the event the leases should for any reason be forfeited and the land should be leased again for oil, gas and other minerals, then the grantees herein in addition to the one-sixteenth (1/16) of the oil, gas and other minerals, above provided for, shall be entitled to and shall receive one-half (1/2) of the consideration and rentals to be paid for other oil, gas and mineral leases on said premises. * * * with the right on the part of the said C. C. Stanley, G. O. Kimmell annd R. P. Ralston to enter upon said premises for the purposes of mining, developing and extracting from said lands their interest in said minerals * * *."

2. An instrument dated July 8, 1939, wherein the interest originally acquired from W. H. Driggers et ux by G. O. Kimmell, C. C. Stanley and R. P. Ralston became vested in Standish Hall, as trustee.

3. Oil and gas lease dated April 8, 1952, from Standish Hall, trustee, to Union Sulphur and Oil Corporation covering the lands involved for a primary term of ten years.

Through mergers and assignments, the oil and gas leasehold estate acquired from Standish Hall, trustee, by Union Sulphur and Oil Corporation is now vested in Allied.

John D. Windham and wife, Maggie Windham, James T. Windham and wife, Bettie Jo Windham, and Mrs. Robbie W. Davidson, and husband, Roy H. Davidson, Jr., acquired the interest which the grantors in the Driggers deed had in the property after their conveyance to Claude C. Stanley, G. O. Kimmell and R. P. Ralston.

Kadanes claim title to the leasehold estate under the following instruments:

1. An oil and gas lease from John D. Windham and wife and Mrs. Robbie W. Davidson and husband to J. C. Ellett dated August 18, 1948. The lease covers all of said Section 81, Block 13, and was for a period of five years.

2. An oil and gas lease executed by Standish Hall, trustee, to J. C. Ellett, dated August 18, 1948, covering all of said Section 81, Block 13. This lease was for a primary term of five years.

3. By assignments duly recorded, Kadanes acquired the Standish Hall, trustee, and the Windham et al. leases, which were originally acquired by J. C. Ellett, insofar as they covered the West one-half (W/2) of said Southeast quarter (SE/4) of said section.

Allied seeks to recover under its oil and gas lease from Standish Hall, trustee, to Union Sulphur and Oil Corporation, dated April 8, 1952. This lease provides in part as follows:

"If no well be commenced on said land on or before the 8th day of April, 1953, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, * * *."

■ There is no evidence in this record that Allied or its predecessors drilled a well or paid rentals under this lease. Therefore, we are compelled to find, insofar as this record is concerned, that their "unless"

lease ipso facto terminated. W. T. Waggoner Estate v. Sigler Oil Company, 118 Tex. 509, 19 S.W.2d 27; 42 Tex.Jur.2d, page 531, paragraph 236.

■ The rule is well settled in a trespass to try title suit that a plea of not guilty places upon the party bringing the suit the duty and burden of proving its own title in order to recover. Texas Company v. Lee et al., 138 Tex. 167, 157 S.W.2d 628.

We have also concluded that Kadanes have perfected title to the disputed leasehold interest under the five year statute of limitation. This suit was filed on April 19, 1962. Kadanes' Windham No. 1 on the disputed leasehold was completed as a producer in August, 1953. They completed their Windham No. 2 in January, 1954. They have been producing and selling oil and gas from these wells to Cities Service and Lone Star Gas Company who have accounted to Kadanes for 100% of the runs. Kadanes have accounted to the Windhams and to Standish Hall, Trustee, under a division order signed by them and addressed to Kadanes.

On February 15, 1954, Union Sulphur requested that Kadanes furnish it with a statement of the drilling, marketing and operating expenses on the No. 1 well, together with the production figures and copies of run statements and a statement of operating expenses. So far as this record is concerned, Kadanes ignored this request.

On March 26, 1954, attorneys for Allied wrote attorneys for Kadanes, asserting that Allied was claiming the disputed leasehold under their oil, gas and mineral lease dated April 8, 1952, from Standish Hall, trustee, to Union Sulphur and Oil Corporation covering the property in dispute. On March 30, 1954, attorneys for Kadanes replied and stated that they considered the Union Sulphur lease as a top lease under which no rights could mature.

Kadanes rendered the disputed leasehold interest and paid taxes thereon before they became delinquent in Shackelford County from 1954 to and including 1961.

Kadanes' limitation plea is predicated upon the five year statute of limitation which reads as follows:

"Art. 5509, Revised Civil Statutes of Texas: Every suit to recover real estate as against a person having peaceable and adverse possession thereof, cultivating, using or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after cause of action shall have accrued, and not afterward. * * *"

The peaceable and adverse possession contemplated by Article 5509, is defined in Article 5514 and 5515 as follows:

" 'Peaceable possession' is such as is continuous and not interrupted by adverse suit to recover the estate."

" 'Adverse possession' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

■ The execution of an oil and gas lease is in legal contemplation a sale of real estate. Avis v. First National Bank of Wichita Falls, 141 Tex. 489, 174 S.W.2d 255.

■ Allied contends that Allied and Kadanes are tenants in common. It contends that before the five year statute of limitation can be set in motion against a co-tenant, notice tantamount to actual notice of an adverse holding and in complete repudiation of the co-tenant's interest must be shown. It is true that before a co-tenant can hold adversely to his co-tenant, it is necessary that such other co-tenant receive actual or constructive notice of the hostile claim being made. "Actual notice 'embraces those things of which the one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed' ".

Woodward v. Ortiz, 150 Tex. 75, 237 S.W. 2d 286. "Constructive notice results when there are such acts of unequivocal notoriety in the assertion of the adverse claim that there will be presumed to have been notice of the adverse claim." 15 Tex.Jur.2d 189, Par. 26.

From appellants' reply brief, we copy the following: "The principles of law applicable are quite clear and the only question involved here is whether notice of the adverse claim was received by Appellant."

Every element under the five year statute of limitation, including actual and constructive notice of Kadanes' hostile claim, has been conclusively established by the undisputed facts.

We have carefully considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.