William M. DORIA et ux., Appellants,

v.

Herman SUCHOWOLSKI, Appellee.

No. 15443.

Court of Civil Appeals of Texas, San Antonio.

Nov. 19, 1975.

Rehearing Denied Dec. 31, 1975.

Moursund, Ball & Young, Inc., George C. Shoemaker, Jr., San Antonio, for appellants.

Jay Sam Levey, Levey & Goldstein, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit by Herman Suchowolski against William M. Doria and wife Mary Doria in the nature of a trespass to try title suit for the title and possession to the north three feet of Lots 19 and 20, Block 8, N.C.B. 7768, Sunny South Subdivision in the City of San Antonio, Bexar County, Texas; for a mandatory injunction requiring defendants to remove a fence from where it is current-

ly located to its original location; and for damages. The court, without a jury, decreed that plaintiff recover from defendants the title and possession of the above described property; ordered that defendants remove the present fence located on the boundary line between Lots 7 and 8 and Lots 19 and 20 to its original location along the south end of said north three feet of Lots 19 and 20; and that plaintiff recover no damages. The parties will be herein referred to as they were in the trial court.

Plaintiff is the record title owner to Lots 7 and 8, having been deeded said property by general warranty deed from Ida M. Kilday, dated May 12, 1965. Defendants are the record title owners to Lots 19 and 20, having been deeded such property by general warranty deed from Ida M. Kilday, dated February 26, 1974.

Defendants, by one point of error, assert that the court erred in admitting certain conclusions, hearsay, and opinion testimony of both plaintiff and witness Williamson as to the fence being the alleged boundary of the properties in dispute. By their other three points of error, defendants complain that the trial court erred in rendering a judgment against defendants because (a) plaintiff did not prove a superior title to the property in dispute, (b) plaintiff failed to prove that he had any title whatsoever to the disputed property under any theory of law, (c) plaintiff failed to prove an agreed boundary.

Plaintiff's petition alleges only: (a) that he is the record title owner of Lots 7 and 8, (b) that theretofore there existed a fence on the property line dividing plaintiff's property from that of defendants', and that on or about October 15, 1974, defendants wrongfully and willfully removed said fence and erected a new fence upon the property of plaintiff next to plaintiff's house, (c) that plaintiff's house has been damaged to the extent of $1,000.00, (d) that on or about October 15, 1974, plaintiff was and still is the owner of the north three feet of Lots 19 and 20 and that on said date he was in possession of said premises and that after-

wards, defendants unlawfully entered upon and dispossessed him of such possession and withholds from him the possession thereof. Defendants filed a plea of not guilty and a general denial. Plaintiff does not plead title by limitation, boundary line agreement, estoppel, ratification, title by acquiescence, or authority of a purported agent to act.

A petition in a trespass to try title action framed in the normal manner required by the Rules of Civil Procedure puts in issue title, right to possession, and other matters relevant to the case. Rule 783 et seq., Tex.R.Civ.P. (1967); *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564 (1937); 56 Tex.Jur.2d *Trespass to Try Title* § 110 (1964). Plaintiff, under a general allegation of ownership, may generally show whatever title he has to the property without special pleadings, except title by limitation, which must be specially pleaded. A plea of not guilty by the defendants is a denial of plaintiff's allegations and puts plaintiff on proof of all of the elements necessary to the maintenance of the suit and of his right to recover. The plaintiff is thereby put on proof of his title and right of possession. A plea of not guilty is a plea in bar against which plaintiff must show title and establish his right to possession of the property. 56 Tex.Jur.2d *Trespass to Try Title* § 92 and § 112 (1964); *Stroud v. Springfield,* 28 Tex. 649 (1866); *Shull v. Diaz,* 236 S.W.2d 629 (Tex.Civ.App.—San Antonio 1951, no writ); *Lindley v. Mowell,* 232 S.W.2d 256 (Tex.Civ.App.—Eastland 1950, writ ref'd n. r. e.).

Plaintiff, in an action of trespass to try title, as a general rule, must recover on the strength of his own title and not on the weakness of his adversary, and, where his title is controverted, the burden of proof is on plaintiff to establish a superior title in himself by an affirmative showing, regardless of whether his claims rest in law or equity. 56 Tex.Jur.2d *Trespass to Try Title* § 120 (1964); *Allied Chemical Corp. v. Ka-*

*dane,* 373 S.W.2d 778 (Tex.Civ.App.—Eastland 1963, no writ).

Plaintiff made no effort to prove a superior title, or even any record title, to the property here involved in himself. The only record title evidence introduced by plaintiff were two deeds from a common source, Ida M. Kilday, one a warranty deed conveying Lots 7 and 8 to plaintiff, and the other a warranty deed conveying Lots 19 and 20 to defendants. Thus, plaintiff's own proof of title shows record title to Lots 19 and 20 in defendants, and the disputed area is a portion of Lots 19 and 20. Defendants introduced into evidence a map or plat of a survey made by a registered professional engineer which shows the fence involved as located within the boundaries of Lots 19 and 20. Defendants also introduced into evidence a contract of sale and purchase between Mrs. Kilday and defendants which describes the property to be conveyed as Lots 19 and 20, and neither this contract nor the warranty deed contain any reservation or exception of any portion of Lots 19 and 20. There is no pleading of title by limitation by plaintiff and no proof of any limitation title.

■ In order to prevail, plaintiff must stand or fall on his claim that there was a boundary line agreement. The rules in Texas, with respect to the establishment of boundary by agreement, are well settled. Where there exists uncertainty, doubt or dispute as to the true division line between two adjoining tracts, the boundary line may be established by parol agreement between the respective owners. *Gulf Oil Corp. v. Marathon Oil Co.,* 137 Tex. 59, 152 S.W.2d 711 (1941); *Davis v. Miers,* 308 S.W.2d 277 (Tex.Civ.App.—Eastland 1957, writ ref'd n.

r. e.).[1] This agreement refers to an existing fact, and it is essential to the validity of such agreement that there exists this doubt or uncertainty at the time of the making.

■ Although plaintiff did not specifically plead a boundary line agreement, it is our opinion that, under the rules applicable to trespass to try title suits, his pleadings are sufficient to permit him to introduce evidence of a boundary line agreement. However, plaintiff had the burden of proving up such an agreement.

■ The only evidence which remotely touches on any purported boundary line agreement is summarized as follows.

Plaintiff testified that he bought Lots 7 and 8 from Mrs. Ida Kilday in 1965; that the fence was the boundary and that he bought the property all the way down to the fence; that a real estate broker, Mr. Williamson, negotiated the sale; that, at the time he bought the property, Mr. Williamson told him that the fence was the boundary and that his property went all the way to the fence. He further testified that Mrs. Kilday owned the property on the other side; that the fence was very old; and that the fence was about three feet from the house. There is nothing whatsoever in his testimony to indicate any doubt, dispute or uncertainty as to the boundary. Moreover, there is nothing in his testimony to indicate that he made a boundary line agreement with anyone.

Ronald Williamson testified that he is a real estate broker; that he had an exclusive listing from Mrs. Kilday for the sale of the property to plaintiff in 1965; that Mrs. Kilday at such time owned the property directly behind this property which fronts

---

1. In *Voigt v. Hunt,* 167 S.W. 745 (Tex.Civ. App.—Austin 1914, writ dism'd), the court said: "Hence, it is essential to the validity of an oral agreement to fix a boundary line that such line be in dispute, and that its true location be unknown to the parties making the agreement. Otherwise the fixing of such boundary by oral agreement would be passing title to real estate contrary to the statute of frauds."

See also F. Lange, Texas Practice, Land Titles § 422 at 262 (1961): "As a general rule, oral agreements relating to boundaries or division lines will be sustained and held binding provided the line is in dispute and its true location unknown, since if known, it would amount to an attempted conveyance and being supported only by a parol agreement would be unenforceable."

on East Hart Street. When asked whether he told plaintiff where the boundary was, he said that when he showed a piece of property, he usually says, "The part that's fenced here is the part that I'm selling, or we're selling." He stated he intended to sell to plaintiff the property located at 318 Morrill, with a house at the rear of the property, and which went all the way to the fence; that there was an old fence, and that there was a small space between the house and such fence of about three feet; that it was his thinking that this was the boundary line between the property Mrs. Kilday intended to retain and the property that she intended to sell to plaintiff. This testimony does not indicate any dispute, doubt or uncertainty as to the location of the boundary line.

Mary Doria testified that she lives at 313 East Hart Street, and that she bought the property that immediately backs up to plaintiff's property; that her deed was dated February 26, 1974, and that Mrs. Kilday was the seller; that she subsequently received a plat to the property a short time thereafter, and that the plat indicated that the back fence was three feet off the line of the property and was within her property; that she subsequently had the fence moved; that the survey was made after she bought the property; that when she bought the property she knew where the existing fence was; that at the time she bought the property she thought she was buying the property up to the fence line. There is nothing in her testimony which indicates that at the time she bought the property, there was any dispute, doubt or uncertainty as to the location of the boundary.

There is nothing whatsoever in any of the testimony to indicate any uncertainty, doubt or dispute as to the boundary line.

■ Plaintiff argues that a boundary line may be established by acquiescence. The doctrine of boundary by acquiescence has been recognized in Texas and other authorities, but in Texas it is generally applied only from an evidentiary standpoint.

Moreover, just as the validity of an express parol boundary agreement depends upon the existence of doubt or uncertainty as to the correct line, the effect to be given acquiescence as evidence of the correct line is also dependent upon the existence of doubt or uncertainty. *Lagow v. Glover,* 77 Tex. 448, 14 S.W. 141 (1890); *Boothe v. Fuentes,* 262 S.W.2d 754 (Tex.Civ.App.—San Antonio 1953, no writ). Justice Norvell, in *Boothe v. Fuentes, supra,* set forth the applicable law as follows: "As we understand the doctrine of boundary by acquiescence, it must be shown that there was some uncertainty as to the true boundary, which resulted in a line being established (generally by a fence), and that thereafter the adjoining land owners acquiesced in and recognized this line as the true boundary line between them. The mere erection of a fence off the boundary line is not in itself sufficient to make the doctrine applicable. Uncertainty of boundary must be shown. . . . The judgment can not be upheld upon the theory of boundary by acquiescence or agreement."

The only evidence in the record with regard to the fence is that it was an old fence. There is no evidence as to when it was built, who built it, or just what were the reasons or circumstances for building it. As discussed in some detail heretofore, there is no evidence of any dispute, doubt or uncertainty as to the true boundary which resulted in a line being established.

Mrs. Kilday did not testify. The only acts of Mrs. Kilday shown in the record are the two warranty deeds, one conveying Lots 7 and 8 to plaintiff and the other conveying Lots 19 and 20 to defendants; and a contract of sale between Mrs. Kilday and defendants. Neither the contract of sale nor the warranty deed contain any reservation or exception to any portion to Lots 19 and 20 nor any diminution in quantity of such lots in any respect, and such instruments evidence an intent on her part to convey such lots intact.

Moreover, it is to be noted that plaintiff's contentions with regard to a boundary line agreement are predicated upon an assumption that any such agreement was made by Mrs. Kilday with plaintiff, through the real estate broker. While there is no evidence that any such agreement was made, there is also no evidence of any authority on the part of said real estate broker to make any such agreement for Mrs. Kilday. The only evidence as to his agency is that he had an exclusive listing to sell such property. Generally speaking, a real estate broker is a special agent engaged by others to negotiate bargains or contracts for the sale or lease of real estate between other persons and for which he is paid a commission, usually by the seller. The law makes the real estate broker the special and not the general agent of the vendor and he can bind his principal only as a special agent. *Donigan v. Policek,* 34 S.W.2d 375 (Tex.Civ.App.—San Antonio 1930, writ dism'd); *Philip A. Ryan Lumber Co. v. Conn,* 20 S.W.2d 388 (Tex.Civ.App.—Beaumont 1929, writ dism'd); 9 Tex.Jur.2d *Brokers* § 1 (1969). In *Loma Vista Development Co. v. Johnson,* 142 Tex. 686, 180 S.W.2d 922 (1944), the court said: "It is clear to us that he was a special agent whose authority was limited to showing the property and finding a purchaser, and that he had no authority to consummate the sale. . . . That a real estate broker ordinarily is only a special agent is the reason for the uniform decisions of this court that, in the absence of special agreement, he is entitled to his commission when he finds one who is ready, able and willing to buy on his principal's terms because he has done all that his employment requires or authorizes him to do."

Plaintiff wholly failed to plead or prove the authority of such real estate broker to enter into any boundary line agreement on behalf of Mrs. Kilday.

The judgment cannot stand for the following reasons: (a) plaintiff wholly failed to prove a superior title to the property involved, (b) plaintiff wholly failed to prove any record title in him to the property involved, (c) plaintiff neither pled nor proved any title by limitation, (d) there is no evidence of any dispute, doubt or uncertainty as to the location of the boundary line, (e) plaintiff wholly failed to prove any boundary line agreement, (f) plaintiff failed to plead or prove any authority of the real estate broker to enter into a boundary line agreement on behalf of the seller.

The judgment is reversed and judgment here rendered that plaintiff take nothing.